# *Ex parte* Bizzell.

### *Petition for Habeas Corpus.*

1. *Habeas corpus; what is revisable thereby.*—Under the provisions of our statute (Cr. Code of 1886, §§ 4784, 4785), the writ of *habeas corpus* is not a revisory remedy, and can not be made to answer the purposes of an appeal, *certiorari*, or writ of error; and when a judgment or sentence of another court is returned, as the cause of the petitioner's detention or imprisonment, the jurisdiction of the court to render that judgment or sentence is the only matter that can be inquired into, and mere errors or irregularities in the proceedings are not available.

2. *Same; same; judgment of mayor of a city for violation of city ordinance.*—The judgment of the mayor of a city, sitting as a magistrate, and having jurisdiction conferred by law to try and dispose of a criminal charge, for the violation of city ordinances, is as conclusive, when jurisdiction has attached, as the adjudication of any other court, and no error in the proceedings before him, which did not affect his jurisdiction, will render the judgment void; and its validity can not be assailed on petition for discharge under *habeas corpus* by parol evidence, and if the mayor, as such court, had jurisdiction, both of the subject matter and of the prisoner's person, the latter can not be discharged on *habeas corpus.*

3. *Municipal ordinances; construction when containing several distinct offenses.*—Where a municipal ordinance, creating several separate offenses, contains several distinct provisions, which are severable and not dependent on each other, and some of which are valid and others invalid, those which are valid will be enforced, and the invalid ones will be rejected as if enacted by separate ordinances.

4. *Same; same; presumption on habeas corpus.*—Where in a *habeas corpus* proceeding, it is shown that the petitioner was convicted for the violation of a municipal ordinance, creating several offenses, which contained several distinct and independent provisions, some of which were valid and others invalid, it will be presumed that the petitioner was convicted for violating a provision of said ordinance which was valid and unquestioned.

The petitioner was engaged in the business of driving a cab in the city of Mobile, and was arrested on the 18th day of July, 1896, while standing upon the Union depot platform in said city. When arraigned for trial before the mayor, he demanded that some written statement or

[*Ex parte* Bizzell.]

complaint be filed setting out the facts constituting the offense with which he was charged. This request was refused, and the petitioner was, by the mayor, adjudged guilty of violating section 263 of the city ordinances, and sentenced to hard labor for a period of five days in default of the payment of the fine of five dollars. Thereupon Walter Bizzell, the petitioner, petitioned the judge of the city court of Mobile for a writ of *habeas corpus*, alleging that he had been arrested, and tried by the mayor of the city of Mobile, convicted and sentenced to jail in default of the payment of the fine imposed, on a charge of violating section 263 of the ordinances of the city of Mobile, which section reads as follows: "Sec. 263. That any person who shall be guilty of any rude, boisterous or unseemly conduct at or near any depot of any railroad, or who shall willfully touch, take hold of or seize the person, bundles, or baggage of passengers in an attempt to solicit the patronage of such passengers, not being first employed by such passenger, or any person not being a passenger or expected passenger, or an attendant of such passenger, who shall enter the depot or depot grounds of any railroad company, or upon the platform thereof, contrary to the known rules of such railroad company, or who, being improperly in said depot or depot grounds or on said platform, shall, when informed of such rules and regulations by any police officer, or employé of such company, fail or refuse promptly to comply with such rules or regulations, or who, not being a passenger with a ticket, or attendant upon such passenger, or not being a public officer in the discharge of his duty, shall, upon the order or remonstrance of an employè of any railroad in the discharge of their duty, enter or attempt to enter any express or baggage car, coach or sleeping car, shall be guilty of an offense, and upon conviction thereof shall be fined such sum as the mayor may impose, not exceeding fifty dollars."

The application for *habeas corpus* was denied, and the petitioner now renews his application to the Supreme Court.

The other facts of the case are sufficiently stated in the opinion.

[*Ex parte* Bizzell.]

McIntosh & Rich,.for petitioner.—The trial and con-
viction of petitioner was a nullity because there was no
affidavit, complaint or statement of a cause of action
upon which a valid judgment could be based.—Const.
Art. I., § 8. The offense for which the petitioner was
convicted was also made a crime by State statute, and
he had the same rights in the municipal court as he
would have had in the State court.—Horr & Bemis
Police Ordinances, § 12; Acts 1886–87, 268, §§ 4–22.

2. The validity of a municipal ordinance is a proper
inquiry on *habeas corpus.*—*Ex parte Byrd*, 84 Ala. 17;
2 Spelling on Extr. Relief, § 1293. The ordinance in
question, section 263, contains several distinct sub-
divisions or provisions not dependent on each other.
Under such circumstances the valid provisions may be
enforced and those invalid rejected as if separate ordi-
nances.—*Mayor, &c. v. A. G. S. R. R. Co.*, 98 Ala. 135.

3. Oral evidence can not be introduced to contradict
the record, but may be introduced in connection with
the record to show what was litigated between the
parties.—*Ex parte Smith*, 2 Nev. 338; 9 Amer. & Eng.
Encyc. of Law, 229.

4. The ordinance in question is illegal and void be-
cause : (1.) It is not capable of promulgation because
it rests partly if not wholly in parol. The rule of the
railroad company can not be. ascertained from the ordi-
nance.—*Jones v. McAlpine*, 64 Ala. 511. (2.) Ordi-
nances must be recorded in the municipal records.—Acts
1886–87, 223, § 43; Acts 1894–95, 385. (3.) The ordi-
nance discriminates and is unreasonable.—Horr. &
Bemis, Police Ordinances, § 135; 17 Amer. & Eng.
Encyc. of Law, 247–253. (4.) The ordinance is a
delegation of the legislative powers of the municipal
corporation. It provides severe penalties, not for the
violation of a municipal ordinance enacted by its pro-
perly constituted authorities, but for the violation of the
"known rules of a railroad company."—Dillon Mun.
Corp., pp. 357, 716, § 96; *St. Louis v. Russell*, 22 So.
West. Rep. 470.

Peter J. Hamilton and Gregory L. Smith, *contra.*
*Habeas corpus* will not lie if the judgment is regular.
We can go behind the *mittimus*, but not behind the
judgment if jurisdiction attached. And jurisdiction of

the person is presumed—*Weaver v. Brown*, 87 Ala. 533; *Barclift v. Treece*, 77 Ala. 528.

The ordinance in question was valid. The railroad company had the right to adopt and enforce regulations in reference to the use of its platform in the manner as prescribed by the statute.—*M. & E. R. Co. v. Thompson*, 77 Ala. 457; *Summitt v. State*, 8 Lea (Tenn.) 413; *Fluker v. Ga. R. R. & B. Co.*, 81 Ga. 461; *Jencks v. Coleman*, 2 Sumn. 221; *Commonwealth v. Power*, 7 Metc. 596; *Barney v. Oyster Bay, &c. Co.*, 67 N. Y. 301; *Todd v. Old Colony R. R. Co.*, 89 Mass. 207; *Smith v. N. Y., L. E. & W. R. Co.*, 24 Atl. Rep. 304.

HARALSON, J.—1. The petitioner, Walter Bizzell, as appears from the transcript before us, was arrested and carried before the mayor of Mobile, and tried and convicted "of the offense of violating 263, city ordinances." None of the proceedings before the mayor are set out in the transcript. A *mittimus* addressed "To the chief of police or other police officer of the city of Mobile," does appear as an exhibit to the petition for *habeas corpus*, which commanded such officer to take the body of petitioner and keep him for the term of five days, and that he require petitioner to perform hard labor for the city of Mobile for that term, in default of the payment of the sum of $5, that being the amount of the fine and judgment that day—the 20th of July, 1896—rendered against him by the mayor. The petition bases the illegal restraint of petitioner, of his liberty, on two grounds: "*First.* He [the petitioner] has not been charged with any specific offense under the ordinances of said city. *Second.* The ordinance under which petitioner was convicted and sentenced is illegal and void."

The petitioner introduced in evidence on the trial before the judge who issued the writ, the ordinance, number 263, of the city, for the violation of which it was stated, he had been arrested by an officer on sight, carried before the mayor, tried and convicted. The ordinance will be found in the report of the case.

2. It is settled by former adjudications of this court, that under our statutes, as at common law, the writ of *habeas corpus* is not a revisory remedy, and cannot be made to answer the purposes of an appeal, *certiorari*, or writ of error; and when a judgment or sentence of an-

other court is returned, as the cause of the prisoner's detention or imprisonment, the jurisdiction of the court to render the judgment or sentence is the only matter that can be inquired into, and mere errors or irregularities in the proceeding are not available. "Error or irregularity may exist, but if it exists, it cannot be inquired into collaterally; it cannot render void and annul the sentence and judgment, a court of competent jurisdiction has pronounced." The judgment must be void, not merely voidable.—*Ex parte Simmons*, 62 Ala. 416; *Ex parte Hubbard*, 65 Ala. 473; *Ex parte Merlet*, 71 Ala. 371; Code of 1886, § 4784.

The judgment of a justice of the peace or a mayor of a city with like authority, having jurisdiction conferred by law, to try and dispose of a criminal case, is as conclusive and rests upon the same basis, when the jurisdiction has attached, as the adjudication of any other common law court. No error in the proceedings which did not affect the jurisdiction will render the judgment void, nor can errors of the kind be considered when the judgment is collaterally assailed. Parol evidence is not admissible for the purpose. The illegality complained of must appear on the face of the proceedings.—*Ex parte Davis*, 95 Ala. 9, 15; *Cotton v. Holloway*, 96 Ala. 544, 550; *Stevenson v. Murray*, 87 Ala. 445; *Lightsey v. Harris*, 20 Ala. 409; 1 Black of Judgments, §§ 245, 255, 259, 286.

3. It is not disputed, that said ordinance was regularly enacted, nor is it questioned that the general council had authority under the charter of the city to enact it. The charter gives the mayor's court the power of a justice of the peace of all criminal matters arising within the precinct of the city of Mobile, to try all offenders against its ordinances, and to render such judgment as may appear to be legal and just, with provision for an appeal by defendants to the circuit or city court.—§ § 17 and 18 of charter, Acts 1886–87, pp. 234, 235.

It appears from the transcript that the petitioner was arrested by an officer on sight, and was tried and convicted by the mayor for the violation of said ordinance No. 263. A policeman or town marshall, may, without warrant, arrest any person who commits a public offense in his presence.—Code of 1886, § 4262; *Martin v. The State*, 89 Ala. 115.

It will be noticed, that the ordinance referred to, contains several distinct provisions, creating several offenses. These provisions are not dependent on each other, but are severable and are capable of as distinct enforcement, as if several ordinances had been passed for the purpose. In such case, if some are valid and others invalid, those which are valid may be enforced and the rest may be rejected as invalid.—*Mayor, &c., v. Alabama Great Southern Railroad Co.*, 98 Ala. 135.

The ordinance in question, as appears on its face, creates two or more offenses. It was proposed by petitioner to show by parol, that he was arrested while standing on the platform of the Union Railroad depot, in the city of Mobile, carried before the mayor and was tried and convicted for entering upon said platform contrary to the rules of the company, and that on the trial he demanded and was not furnished with a copy of any complaint setting forth the offense with which he was charged. In this proceeding we must presume that he was arraigned and tried upon one of the offenses designated in said ordinance, and if that part of the ordinance, making it an offense to enter upon the platform of the railroad, "contrary to the known rules of such railroad company," is void, because the rules therein referred to are not set out in full,—a question we do not decide,—still, we may presume, in this proceeding, in order to sustain the judgment of the mayor, that the petitioner was arrested, tried and convicted for a violation of said ordinance in some of its other provisions, the validity of which is not questioned. The transcript states that he was tried and adjudged guilty of the offense of violating said section 263 of the city ordinances, which statement. is referable to any of the offenses therein created.

It is manifest that petitioner has mistaken his remedy. If error intervened in the proceeding before the mayor, the remedy was by appeal, and not by *habeas corpus.* The city court judge had no authority to inquire into the regularity or justice of the judgment rendered, and properly dismissed the writ.

*Habeas corpus* denied.