# Moorer *v.* The State.

*Indictment for Grand Larceny.*

1. *Indictment; motion to quash; when too late.*—The effect of the statute (Cr. Code of 1886, § 4446), limiting the time within which a plea in abatement, on the ground that the grand jurors were not drawn in the presence of the officers designated by law, can be filed. can not be avoided by putting the objection to the indictment in the form of a motion to quash; and after waiting for more than two years after the return of the indictment, into court, the cause having been continued at each intervening term, the motion to quash comes too late.

2. *Same; same; plea in abatement.*—The delay in filing a plea in abatement or a motion to quash an indictment can not be excused by the mere fact that the defendant did not sooner know the facts relied on in such plea or motion; but he must show that he exercised reasonable diligence to sooner ascertain said facts.

APPEAL from the Circuit Court of Wilcox.

Tried before the Hon. JOHN R. TYSON.

The appellant, John Moorer, was indicted, tried and convicted for grand larceny. The indictment was preferred at the fall term, 1894, of the circuit court of Wilcox county; and the trial was had at the spring term, 1897, of said court.

On the day the cause was called for trial, to-wit, May 24, 1897, the defendant made a motion to quash the indictment upon the ground that the grand jurors composing the grand jury that preferred the indictment were not drawn in the presence of the officers designated by law.

The defendant offered to introduce evidence to prove to the court that the facts alleged in his said motion were not known to him or to his attorney until about two months before the term at which the case was being tried, and that the motion was made at the first term of the court after the discovery of such facts. The court refused to allow the defendant to introduce such evidence, and to this ruling the defendant duly excepted. The defendant then offered to prove the truth of the allegations contained in his motion, and duly excepted

[Moorer v. The State.]

to the court's refusal to allow him to make such proof. The motion was overruled, and the defendant, after excepting thereto, offered to file a plea in abatement, upon the same grounds as the motion to quash were based. The defendant then offered to introduce evidence to prove the facts alleged in said plea in abatement, and that they were discovered only two months before the trial of the court at which the plea was filed. The court refused to allow the defendant to introduce the evidence as proposed, and the defendant separately excepted to each of these rulings.

MILLER & BONNER, for appellant, cited *Harrington v. State*, 83 Ala. 9; *Cochran v. State*, 89 Ala. 40; *Nixon v. State*, 68 Ala. 535; *Sanders v. State*, 55 Ala. 183; *State v. Cantrell*, 21 Ark. 127; *State v. Fleming*, 22 Amer. Rep. 552; *Sparrenberger v. State*, 53 Ala. 481; *Billingslea v. State*, 68 Ala. 486.

WILLIAM C. FITTS, Attorney-General, for the State.

HEAD, J.—The indictment was returned at the fall term, 1894, of the court. At that term the cause was continued at the instance of the defendant, and at each term thereafter by the State. At the May term, 1897, on the day the case was tried, the defendant for the first time, moved to quash the indictment, and also offered to file a plea in abatement, both on the ground that the grand jurors were not drawn in the presence of the officers designated by law. The court overruled both these defenses and its ruling was correct. They came too late.—Code of 1886, § 4446. The effect of this statute can not be avoided by putting the defense in the shape of a motion to quash.

The offer to show excuse was insufficient. No reason was shown or offered to be shown why the defendant did not sooner ascertain the facts. The mere fact that he did not know them is not enough. He must have offered to show that he exercised reasonable diligence to ascertain them.

Affirmed.