# Ex Parte Hill Adams.

## *Habeas Corpus.*

(Decided Feb. 9, 1911.  54 South. 501.)

1. *Municipal Corporations; Ordinances; Violation; Punishment.*— The provisions of section 1216, when properly construed with provisions of section 1251, permits the imposition in the same case of the maximum fine, to be paid at the rate of $1.00 per day with labor, if not paid in cash, and an additional maximum imprisonment, not to exceed six months.

2. *Same; Sentence; Construction.*—A sentence by a recorder for a violation of a city ordinance that the defendant shall pay the fine and costs and serve a specified number of days at hard labor will be deemed to begin from the date of the rendition of the sentence, nothing to the contrary appearing.

3. *Judgment; Validity; Violating City Ordinance.*—A judgment finding one guilty of violating the ordinance of the city of T., and imposing a fine and costs and 180 days additional hard labor "for the mayor and councilmen of T.," is not such a nullity as will warrant discharge on habeas corpus, although under the Municipal Code Act, the name of the prosecuting city is the city of T., since the sentence does not require the payment of the fine or the performance of hard labor for the individuals filling the offices of mayor and councilmen of said city.

4. *Same.*—A judgment and sentence for the violation of a city ordinance which imposes a fine and costs and an additional sentence of 180 days of hard labor, and hard labor for _____ days on failure to pay such fine and costs, is valid only in so far as it imposes an imprisonment for 180 days, since the term for which one is sentenced on default of payment of fine and costs to hard labor to pay such fine and costs must be definitely stated in the sentence. However, habeas corpus does not lie for the discharge of an accused under such a sentence on the ground that the maximum term of imprisonment and the maximum fine to be paid in labor could not "be imposed."

5. *Habeas Corpus; Grounds.*—The only inquiry on habeas corpus is whether the judgment attacked is a nullity, where the grounds for discharge is that the judgment was a nullity; under such writ the court cannot consider mere errors or irregularities reviewable on appeal or writ of error.

6. *Same; Judicial Proceedings; Validity.*—When the judgment of an inferior court not of record is assailed on habeas corpus the appellate courts will go to all reasonable lengths to support the judgment of such inferior court; hence, the recitals of the judgment of a recorder's court adjudging one guilty of violating a city ordinance, that the defendant pleads _____ guilty, that on hearing the evidence, the court adjudges that the defendant is _____ guilty, and that the defendant be punished as therein set forth are sufficient, when attacked on habeas corpus, to show the presence of the defendant in court when the trial was had, and judgment of conviction rendered, and such defendant is not entitled to his discharge on habeas corpus on the ground that such court was without jurisdiction.

7. *Same; Evidence; Parol Evidence.*—On habeas corpus it is permissible to show the jurisdictional facts by parol evidence where the judgment adjudging one guilty of violating a municipal ordinance is not sufficiently definite to show the personal presence of the defendant when the judgment was rendered.

APPEAL from Pike Probate Court.

Heard before Hon. ALEX C. EDMONSON.

Hill Adams was convicted in the Recorder's Court of the City of Troy, fined $100.00 and costs, and sentenced to an additional term of 180 days, hard labor for the city, and he brings habeas corpus for his discharge. From an order denying the prayer of the petition, petitioner appeals. Affirmed.

A. G. SEAY, for petitioner. The court erred in permitting it to be shown by parol evidence that the defendant was present in person when his case was tried

before the Recorder and sentence imposed.—*Town of Camden v. Bloch,* 65 Ala. 236. If, for any reason, the sentence of the Recorder was void, the petitioner was entitled to his discharge.—*Ex parte City of Montgomery,* 79 Ala. 275; *Ex parte McKivett,* 55 Ala. 236; *State ex rel. v. Judge,* 6 So. 328. The punishment inflicted exceeded the power of the mayor, under and by virtue of any ordinance or by-law and it was not shown that appellant was convicted under any by-law or ordinance of the state.—Sec. 1215, Code 1907; *Ex parte City of Montgomery, supra; Ex parte City of Anniston,* 3 So. 910. The mayor and councilmen of Troy is not a corporation, and there is no organization by that name authorized to prosecute cases.—Sec. 170, Const. 1901, Sec. 1046, Code 1907. The mayor's court is an inferior court and its jurisdiction must appear affirmatively.— *Wiley v. The State,* 117 Ala. 158. It does not appear that there was any affidavit or warrant, and the words "an assault" written on the mayor's docket are insufficient to charge an offense.—*Miles v. The State,* 11 So. 403; *Arzumanian v. City of Birmingham,* 51 So. 645; *City of Birmingham v. O'Hearn,* 149 Ala. 307; *Butler v. The State,* 130 Ala. 127; *City of Selma v. Shivers,* 150 Ala. 502. The sentence was void, for if convicted of the violation of an ordinance, defendant should have been sentenced to hard labor for the city of Troy, and if a violation of a state statute should have been sentenced to hard labor for the county.—*Ex parte Joyce & Smith,* 7 So. 3. It is the contention of the appellant that the jurisdiction of the mayor must be exercised under an ordinance, and that in the absence of an ordinance there is no jurisdiction, and sections 1215, 1220, have no application. It is also insisted that a judgment rendered on a trial for the violation of an ordinance which imposes both hard labor and fines for

the same offense, is void.—*Ex parte City of Montgom-ery, supra; Ex parte City of Anniston, supra; Ex parte Long,* 87 Ala. 52.

FOSTER, SAMFORD & CARROLL, for appellee. The 1st question to be determined is as to the necessity of a warrant and affidavit. The defendant was in court on another charge, was informed by the mayor of the present charge and pleaded guilty; hence, there was no necessity for a warrant and affidavit.—*Ex parte Bizzell,* 112 Ala. 214. Copeland was a councilman and hence, could act as mayor pro tem or recorder.—Sec. 1214, Code 1907. Notwithstanding the Municipal Code and its ambiguity and uncertainties there are certain well defined principles of law governing the judgments of recorders and the scope of inquiry as to such judgments on writs of habeas corpus which cannot be overlooked. *Bray v. The State,* 140 Ala.; *Ex parte Bizzell, supra.* As to the proper construction of the Municipal Code in some of its phases see *Rosenburg v. City of Selma,* 52 742. The petitioner waived any irregularities in the judgment by appearing personally and entering a plea of guilty.—*Murphree v. Whitley,* 70 Ala. 554; *McNeal v. The State,* 71 Ala. 71.

SAYRE, J.—Appellant being charged in the recorder's court of the city of Troy with a violation of a municipal ordinance, the recorder, or the mayor sitting as recorder, using a blank form printed upon his docket, entered judgment as follows: "Defendant pleads——guilty. On hearing the evidence the court is of the opinion, that the defendant is —— guilty. It is considered and adjudged by the court that the defendant is —— guilty, and is fined $100.00 and $2.00 costs, and is sentenced to 180 days extra at hard labor for the

mayor and councilmen of Troy. The fine and costs not being presently paid, or judgment confessed therefor as provided by law, defendant is sentenced to hard labor for the mayor and councilmen of Troy —— days to pay fine — to pay costs." This sentence, authenticated by the mayor's signature, was passed on February 21, 1910. On June 2d, following, appellant sued out a writ of habeas corpus to procure his discharge upon the ground that he was being unlawfully restrained of his liberty. At the hearing he was remanded; hence this appeal.

This court, concurring with all others, holds that the writ of habeas corpus cannot be made to do service for an appeal or writ of error, and that the writ is not addressed to questions of error or irregularity, but to the question whether the judgment and sentence under which the petitioner is held is a mere nullity.—*Ex parte Simmons*, 62 Ala. 416; *Ex parte Roberson*, 123 Ala. 103, 26 South. 645, 82 Am. St. Rep. 107; *Ex parte Bizzell*, 112 Ala. 210, 21 South. 731.

Since the adoption of the Code of 1907, the name and style of the prosecuting municipality has been the "City of Troy," and there is no corporation now known as the "Mayor and Councilmen of Troy." If an ample judgment and sentence required that the beneficiary of the labor to be performed by the defendant should be correctly stated, the judgment and sentence pronounced was defective in this respect. But the mayor and councilmen exercise for the city the legislative, executive, and judicial powers conferred upon the incorporated municipality, or such of those powers as are executive or judicial are exercised by their duly elected or appointed officers and agents. Under the judgment and sentence imposed in this case there can be no plausible pretense that appellant was sentenced to pay a

fine to, or perform hard labor for, the individuals filling the offices of mayor and councilmen, and at most the sentence was irregular only.

Section 1216 of the Code of 1907 provides that: "The recorder trying any person for violation of any by-law or ordinance of the city shall, upon conviction of such person, have the power to fine and imprison him, and to sentence him to hard labor upon the streets or public works, or in the workhouse or house of correction of the city; and, in the event fine and costs are not presently paid, to require the offender or person thus in default, to work out the fine and costs under the direction of the city authorities, allowing not exceeding one dollar for each day's service; provided, that no fine shall exceed one hundred dollars, and no sentence to imprisonment or hard labor shall exceed six months." This section must be read in connection with section 1251, which grants to municipal corporations the power to enforce obedience to their ordinances "by fine not exceeding one hundred dollars and by imprisonment or hard labor not exceeding six months, one or both." The construction is that these sections authorize the imposition in the same case of both a maximum fine, to be paid by labor at a rate not exceeding $1 for each day's service, if not presently paid in cash, and an additional maximum term of six months. This leaves it to the municipalities to fix by ordinance any smaller reasonable rate at which labor shall be estimated when exacted in payment of fine and costs, and lodges in them a discretion in the ordination of their laws which may tempt to the fixing of a rate oppressive to the poor and needy. However, we are not prepared to say that the ordinance to be inferred in this case is unreasonable or oppressive in this regard. Besides, if it be assumed that there was an intention to sentence for the payment

of fine and costs, the expression of that intention upon the record was insufficient, ineffectual, and may be treated as mere surplusage. The term for which the defendant was sentenced to hard labor for the payment of fine and costs should have been definitely set down in the judgment. It should not have been left to inference. So, then, in no event did the recorder, or the mayor sitting as recorder, exceed his jurisdiction in imposing the perfectly definite sentence to hard labor for a term of 180 days.

As for the other objections taken against the ruling below, it will suffice to say that while municipal magistrates, whose courts are not courts of record, may not set all forms at naught in the exercise of the summary jurisdiction conferred upon them by the statute, yet it is now well-established doctrine that the courts will go to all reasonable lengths to support their judgments when assailed by the writ of habeas corpus.—Church, Hab. Corp. § 296. In *Ex parte Bizzell, supra,* this court said: "The judgment of a justice of the peace or a mayor of a city with like authority, having jurisdiction conferred by law, to try and dispose of a criminal case, is as conclusive and rests upon the same basis, when the jurisdiction has attached, as the adjudication of any other common-law court. No error in the proceedings which did not affect the jurisdiction will render the judgment void, nor can errors of the kind be considered when the judgment is collaterally assailed. Parol evidence is not admissible for the purpose. The illegality complained of must appear on the face of the proceedings." And further: "A policeman or town marshal may, without warrant, arrest any person who commits a public offense in his presence." The statute confers that authority. In *Alderhold v. Anniston,* 99 Ala. 521, 12 South. 472, it was held that, where a

person went to trial without objection before the recorder of Anniston on a verbal charge of violating a city ordinance, he must be presumed to have waived the want of an affidavit.

We think the recitals of the judgment of conviction in this case are sufficient to show the personal presence of the petitioner in court when the trial was had and the judgment of conviction rendered. If the judgment were insufficient for that purpose, or is to be treated as silent upon the subject, it was competent to show by evidence aliunde this jurisdictional fact.—Church, Hab. Corp. § 268.

Remarking that on the record before us appellant's sentence does not appear to have been cumulative upon another sentence in another case, as it was necessary that it should appear if it was intended so to operate, it must be held that his sentence began from the date of its rendition, and that he cannot become entitled to a discharge in advance of the expiry of the term of the sentence, we state our opinion that the judgment and order of the judge of probate remanding appellant must be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and SOMERVILLE, JJ., concur.