# *Ex Parte* Lane.

## *Habeas Corpus.*

(Decided December 17, 1914.  Rehearing denied January 12, 1915.
67 South. 727.)

1. *Judges; De Facto Officers; Acts; Habeas Corpus.*—One who was appointed as recorder of a city by the president of the board of city commissioners, and who, acting as such, held the recorder's court at the regular time and place, is de facto recorder, although his appointment was invalid; and a judgment of conviction rendered by him cannot be collaterally attacked by habeas corpus proceedings.

2. *Habeas Corpus; Validity of Ordinance.*—The validity of an ordinance for the violation of which a defendant is convicted under a judgment rendered by a city recorder, which judgment is valid on its face and not subject to collateral attack, is conclusive between parties to a habeas corpus proceeding.

3. *Same; Petition; Matters Outside the Record.*—In a petition for habeas corpus by one convicted of violating a city ordinance, it is not proper to allege matters outside of the record to show the invalidity of the judgment, if it is regular on its face.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Charlie Lane was convicted of the violation of a city ordinance, and brings habeas corpus to procure his discharge.  From an order denying his petition he appeals.  Affirmed.

Charlie Lane was convicted and sentenced for a violation of the prohibition ordinances of the city of Tuscaloosa, and brings habeas corpus for his discharge on the ground that he is illegally restrained of his liberty under a void sentence and judgment, in that the acting recorder was without authority of law to hold said court and pronounce the judgment under which he is serving.

WRIGHT & FITE, for appellant.  Traweek was without color of right or authority to act as recorder.—§§ 1213, 1214, Code 1907.  The ordinance creating the of-

fice of recorder is void.—*Montgomery v. W. W. Co.*, 92 Ala. 365.   The ordinance is void because contravening the statutes.   Habeas corpus is the proper remedy.— *Bray v. The State,* 140 Ala. 172.

BROWN & WARD, for appellee.   The ordinance is not void, and the acts of the appointee were those of a de facto officer:—Dillon Mun. 904; McQuillan on Mun. Ord. 231; *Brown v. City of Tuscaloosa,* in MS.; 44 Pac. 270; 18 Pac. 253; 57 Mich. 396.

BROWN, J.—The statement of facts on which the case was disposed of by the judge of the county court shows that Traweek, the acting city recorder, was acting by authority of an appointment made by the president of the board of city commissioners, under an ordinance authorizing any one of the commissioners to appoint a temporary recorder, pending the election by the commission of a regular recorder; that the court presided over by Traweek was held at the usual time and place of holding the recorder's court of the city of Tuscaloosa; and that the proceedings in the recorder's court were regular, resulting in the defendant's conviction of the violation of a city ordinance.   It is insisted, however:   (1) That Traweek's appointment as recorder was without authority of law, and therefore the judgment of the recorder's court presided over by him is void and subject to collateral attack; and (2) that the ordinance under which the defendant was convicted is void, because the ordaining clause did not follow the form prescribed by section 1252 of the Code, which prescribes the form as follows:   "Be it ordained by the city (or town) council of ——— as follows."   The question of the validity of Traweek's appointment as recorder is one not necessarily presented in this case.   The author-

ities are practicaly unanimous in holding that, where there is a legal office and the duties of that office are exercised by a person under color of authority, he is a de facto officer, and his acts are valid in so far as they concern the public or third persons having an interest in the thing done; and it has been expressly held in this state that, where a de facto judge acting under a void appointment holds a court at the time and place prescribed by the statute, the judgments of that court are valid, and not subject to collateral attack.—*Ex parte State, ex rel. Attorney General,* 142 Ala. 88, 38 South. 835, 110 Am. St. Rep. 20. On this authority, we are bound to hold that Traweek was a de facto recorder, and, the recorder's court having been held by him at the time and place provided by law, the judgment of that court is valid, and not subject to collateral attack.

The judgment of the recorder's court, not being subject to collateral attack, is conclusive as between the parties thereto, as to the validity of the ordinance, and its validity cannot be brought into question in this case. —*Drinkard v. Oden,* 150 Ala. 475, 43 South. 578; Cooley on Constitutional Limitations, 80, 81; *Wood v. Wood,* 134 Ala. 557, 33 South. 347; *Bray v. State,* 140 Ala. 172, 37 South. 250.

The order of the trial judge is affirmed.

Affirmed.

### ON REHEARING.

In disposing of the case on the original consideration, in so far as it concerned the right of the appellant to attack the judgment of the recorder on the ground that the ordinance for the violation of which he was convicted was void, we were content to merely cite the case of *Drinkard v. Oden,* 150 Ala. 477, 43 South. 578, and other

authorities, holding that the judgment of a court of competent jurisdiction is conclusive as between the parties, not only as to the facts involved in the issues litigated, but as to the validity of the law under which the proceedings were conducted, and that this is true notwithstanding the universal holding that an unconstitutional statute is not law.

The case of *Drinkard v. Oden, supra,* is a striking illustration of this principle. That was an action of detinue to recover certain specific personal property, and the defendant in that case pleaded, as a bar to the plaintiff's action, a proceeding before a justice of the peace under the stock-law statute (Gen. Acts 1903, p. 431), wherein the defendant had impounded the property sued for, and had it condemned for sale, and the plaintiff undertook to overturn that defense on the ground that the act (Gen. Acts 1903, p. 431) was unconstitutional and void, and therefore that the justice of the peace had no jurisdiction to render the judgment set up as a bar to plaintiff's action. The Supreme Court, in disposing of the plaintiff's contention that the act under which the justice assumed jurisdiction was unconstitutional, and therefore not a law (the same contention in principle made by appellant), said: "It is manifest that the purpose of this action is to assail collaterally the proceedings above referred to [the proceedings before the justice under the stock-law statute]; and to this end an assault is made on the constitutionality of the act under which it was had. 'A judgment or decree of a court of competent jurisdiction is conclusive, and becomes res adjudicata as to a subsequent suit, when it is ascertained that the subject-matter of the two suits is the same and the issues in the former suit were broad enough to have comprehended all that is involved in the issues in the second suit.' * * * And this

principle applies as well to the question involving the validity or existence of a statute under which proceedings are conducted, or upon which a cause of action is founded, as to any other issue in the case."

A copy of the judgment of conviction, the basis of appellant's complaint, is attached to his petition for the writ of habeas corpus, and is made a part of the return to the writ. An inspection of that judgment fails to disclose any inherent infirmity that renders it void. On the other hand, it appears in proper form and regular on its face, but the petition undertakes to set up matters dehors the record of the recorder's court to disclose an absence of jurisdiction on the part of the recorder to render that judgment. This is clearly not permissible on collateral attack.—*Ex parte Bizzell,* 112 Ala. 210, 20 South. 511; *Roman v. Morgan,* 162 Ala. 133, 50 South. 273; Black on Judgments (2d Ed.) § 273; Cooley on Const. Lim. 80, 81.

The rule is different where the infirmity that renders the judgment void appears on the face of the proceedings. In such a case it is not necessary to go outside of the record to develop the infirmity, and it can be pronounced "void on its face," and is subject to collateral attack.—*Ex parte Dickens,* 162 Ala. 277, 50 South. 218; *Bray v. State,* 140 Ala. 177, 37 South. 250; *Ex parte Bizzell,* 112 Ala. 210, 21 South. 371; *Sweeney v. Tritsch,* 151 Ala. 242, 44 South. 184.

The only ground on which the appellant assails the judgment is, as stated in his petition: "That the said P. B. Traweek was wholly without power or authority to act as recorder; that he was a usurper and an intruder."

This being true, the holding of the court, which appellant now concedes to be sound, that Traweek was a de facto recorder, and that his authority to act could not

[Finnett v. The State.]

be inquired into, disposes of the only question presented for review.

We still entertain the opinion that the validity of the ordinance is not presented for consideration in this case, and that the court cannot pass upon that question without disregarding and trampling down fixed rules of law evolved to sustain the stability of judicial determination, and this we decline to do.

The application for rehearing must be overruled.

Application overruled.