**DUNN et al. v. LYONS, Sheriff.**

Circuit Court of Appeals, Fifth Circuit.
December 19, 1927.

Rehearing Denied January 13, 1928.

No. 5127.

Habeas corpus ⚖═45(5)—Federal court cannot interfere with state's administration of criminal law by habeas corpus where state makes available process adequate to correct trial errors.

The regular administration of the criminal law of a state cannot be attacked by collateral habeas corpus proceedings in a federal court on the ground that defendants convicted were denied due process of law in that the trial was dominated by mob influence, where the state supplies and its courts make available process adequate to correct the errors committed.

Appeal from the District Court of the United States for the Western District of Louisiana; Benjamin C. Dawkins, Judge.

Petition by Byron Dunn and W. Robert Dunn against J. Horace Lyons, Sheriff, for a writ of habeas corpus. From an order dismissing the petition, petitioners appeal. Affirmed.

P. L. Ferguson, of Leesville, La., and M. G. Adams, of Beaumont, Tex. (M. R. Stewart, of Lake Charles, La., and C. W. Howth and Lamar Hart, both of Beaumont, Tex., on the brief), for appellants.

E. R. Schowalter, Asst. Atty. Gen., of Louisiana (Percy Saint, Atty. Gen., of Louisiana, and J. J. Robira, Dist. Atty., and S. H. Jones, Asst. Dist. Atty., both of Lake Charles, La., on the brief), for appellee.

Before WALKER, BRYAN and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. The District Judge dismissed upon demurrer the petition of appellants for writ of habeas corpus, but certified that in his opinion there was probable cause for an appeal. Appellants were convicted of murder in a state trial court of Louisiana. The judgment of conviction was affirmed by the Supreme Court of Louisiana (161 La. 532, 109 So. 56), and writ of error dismissed by the Supreme Court of the United States (273 U. S. 656, 744, 47 S. Ct. 344, 71 L. Ed. ——). After that the state Supreme Court denied the writ of habeas corpus on a petition containing substantially the same averments of fact that we now have to consider.

The petition is based on the ground that the trial in the state court was one in form only and deprived appellants of their liberty without due process of law. It is alleged that the trial was dominated by an organization commonly known as the Ku Klux Klan; that the judge, the sheriff, the clerk, and at least one of the jurors were all members of that organization; that the person of whose murder appellants were convicted was a member thereof at the time of his death; that during the trial the courtroom was packed with its members; that the judge allowed one of them to sit with him on the bench, and to pay a fine imposed upon one of the attorneys, and failed to require another member to leave the witness room in order that appellants might have a private interview with their counsel. The petition contains other averments tending to support the general statement that this organization exerted its influence to impress upon the jury that a verdict of guilty would meet with popular approval.

It is not alleged that appellants did not have full knowledge of every matter now complained of, either before or during the trial, or at the time they submitted their motion for a new trial, or that they did not have full opportunity to present such matters on their appeal to the State Supreme Court. They did assign as error the overruling of their challenges for cause of certain jurors on the ground that they were members of the Ku Klux, and many other rulings of the trial court. All the rulings that were excepted to and assigned as error were considered and passed upon by the Supreme Court on that appeal. No objection was made to the qualifications or competency of the trial judge or any of the court officials. It is not suggested that counsel for the accused were intimidated by popular clamor or hostile sentiment, and that they fearlessly represented their clients affirmatively appears from the number and nature of exceptions reserved at the trial and presented for review on appeal. The Supreme Court entertained jurisdiction of the petition for a writ of habeas corpus, but declined to issue that writ on the grounds that all questions of law and fact that were reserved and presented had already been decided, and that the matters complained of in that petition for the first time should have been presented in the regular and appropriate way by proper bills of exceptions on the appeal from the judgment of conviction.

Appellants contend that the state trial court lost jurisdiction on account of the influence and activities of the Ku Klux, and that this case is governed by Moore v. Dempsey, 261 U. S. 86, 43 S. Ct. 265, 67 L. Ed. 543. In the cited case it is said: "In Frank

v. Mangum, 237 U. S. 309, 335 [35 S. Ct. 582, 590, 59 L. Ed. 969], it was recognized, of course, that if in fact a trial is dominated by a mob, so that there is an actual interference with the course of justice, there is a departure from due process of law, and that 'if the state, supplying no corrective process, carries into execution a judgment of death or imprisonment based upon a verdict thus produced by mob domination, the state deprives the accused of his life or liberty without due process of law.' We assume in accordance with that case that the corrective process supplied by the state may be so adequate that interference by habeas corpus ought not to be allowed. It certainly is true that mere mistakes of law in the course of a trial are not to be corrected in that way. But if the case is that the whole proceeding is a mask—that counsel, jury, and judge were swept to the fatal end by an irresistible wave of public passion, and that the state courts failed to correct the wrong, neither perfection in the machinery for correction, nor the possibility that the trial court and counsel saw no other way of avoiding an immediate outbreak of the mob, can prevent this court from securing to the petitioners their constitutional rights."

It is thus established by these two leading Supreme Court cases that a writ of habeas corpus will not lie where the state supplies and its courts make available process adequate to correct errors committed during the trial of a case. In Ashe v. U. S. ex rel. Valotta, 270 U. S. 424, 46 S. Ct. 333, 70 L. Ed. 662, it is said that the regular administration of the criminal law of a state can only be attacked by collateral habeas corpus proceedings in "extraordinary cases where there is only the form of a court under the domination of a mob." Louisiana recognizes that motions for a new trial are reviewable on appeal, as sufficiently appears from the opinion of its Supreme Court that was rendered in reviewing the judgment of conviction of appellants. State v. Dunn, 161 La. 532, 597, 109 So. 56. It was open to appellants to attack the fitness and qualifications of the trial judge by taking exceptions during the trial, or by motion for a new trial after conviction. All the matters complained of here were reviewable by the Supreme Court. Many of them were in fact made the subject of review, and those that were not were not presented as they ought to have been in the regular way provided by law.

Finally, the judgment of the state trial court was affirmed by the Supreme Court of the United States. It therefore is clear, not only that the state of Louisiana affords adequate corrective process, but that such process was made available to appellants in the state Supreme Court.

The order appealed from is affirmed.