200 So. 560

**VERNON v. STATE.**

3 Div. 340.

Supreme Court of Alabama.

Feb. 20, 1941.

Rehearing Denied Feb. 27, 1941.

Walter S. Smith and Cora R. Thompson, both of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

579

of the Circuit Court of Montgomery County, after a hearing on writ of habeas corpus, remanding the petitioner, Joe Vernon, appellant here, to the custody of Earl R. Wilson as Warden of Kilby Prison, pending his execution for the murder of Bennie Montgomery in pursuance of his trial, conviction and sentence in the Circuit Court of Jefferson County, Alabama. Code 1923, § 4310; Vernon v. State, 239 Ala. 593, 196 So. 96; Joe Vernon v. State of Alabama, 61 S.Ct. 135, 85 L.Ed. ——; Id, 61 S.Ct. 390, 85 L.Ed. ——; In re Joe Vernon, Petitioner, ante, p. 530, 199 So. 809.

The appeal is authorized by § 3238 of the Code of 1923, as last amended by Act No. 122, approved April 14, 1936, Acts General and Local Extra Session 1936, p. 81.

On the hearing before Judge Carter, Warden Wilson, in response to the writ of habeas corpus, produced the petitioner in person, and made due return in writing, and under oath, showing that said petitioner, Joe Vernon, was regularly indicted by a grand jury of the Circuit Court of Jefferson County, Alabama, on November 12, 1938, said indictment charging "that before the finding of this indictment, Joe Vernon, unlawfully, and with malice aforethought, killed Bennie Montgomery by shooting him with a pistol, against the peace and dignity of the State of Alabama." The indictment, a copy of which is attached to the petition for the writ of habeas corpus, is in the form prescribed by the statute, in such cases made and provided by Code 1923, § 4556, p. 489, Form 76, indorsed "A True Bill, Hubert S. Atchison, Foreman of the Grand Jury," was presented in open court by the grand jury, and filed by the clerk of the court.

The return further shows that on the thirty-first day of December, 1938, petitioner appeared with his attorney, was duly arraigned and entered a plea of not guilty; that the court by order set Monday the 9th day of January, 1939, as the day for his trial.

"On the 9th day of January, 1939, the petitioner being represented by able and experienced counsel of his own selection and employment, the case was regularly tried before a jury in the Circuit Court of Jefferson County. No question was raised on or before the trial as to the formation of the grand jury that presented the indictment, or as to its regularity. No ob-

BROWN, Justice.

This appeal is from an order made by the Honorable Eugene W. Carter, Judge

580

jection was entered as to the venire for the trial or the formation of the petit jury selected and impaneled therefor."

The trial was entered upon on the day set therefor, with defendant and his counsel in attendance, without objection or exception and without motion for postponement or continuance.

The jury, after hearing the case, returned a verdict of guilty of murder in the first degree, as charged in the indictment, and fixing the punishment at death. A judgment of conviction and sentence in accordance with the verdict of the jury was duly entered. The judgment entry recites:

"This the 9th day of January, 1939, came Geo. Lewis Bailes Solicitor, who prosecutes for the State of Alabama, and also came the defendant·in his own proper person and by attorney, and said defendant being in open Court, and being duly arraigned upon the indictment in this cause for his plea thereto, says that he is not guilty, and issue being joined on said plea, thereupon came a jury of good and lawful men, to-wit, J. C. Arthur and eleven others, who being empanelled and sworn according to law, before whom the trial of this cause was entered upon and continued from day to day and from time to time, said defendant being in open Court at each and every stage and during all of the proceedings in this cause, now on this the 10th day of January, 1939, said jurors upon their oaths do say: 'We the jury find the defendant guilty of Murder in the first degree as charged in the indictment, and fix his punishment at death.'

" 'And on this the 12th day of January, 1939, said defendant, Joe Vernon, being in open Court, and having been convicted by a jury of Murder in the First Degree, and his punishment fixed by said jury at death, and said defendant, Joe Vernon, being asked by the Court if he had anything to say why the judgment of the Court and sentence of the Law should not now be pronounced upon him, says nothing. It is therefore considered by the Court, and it is the judgment of the Court, that said defendant, the .said Joe Vernon, is guilty of Murder in the First Degree, in accordance with the verdict of the jury in this cause, and it is the judgment of the Court and sentence of the Law, that the said defendant the said Joe Vernon, suffer death by electrocution on the 17th day

of March, 1939, and the Sheriff of Jefferson County is directed to deliver the defendant, the said Joe Vernon, to the Warden of Kilby Prison at Montgomery, Alabama, and said Warden of said Kilby Prison shall on the 17th day of March, 1939, before the hour of sunrise, in said prison, and on said day, cause a current of electricity of sufficient intensity to cause death to pass through the body of said Joe Vernon until he is dead.

" 'It is further considered by the Court that the State of Alabama have and recover of the said defendant the costs in this behalf expended, including the costs of feeding the defendant while in jail, for which let execution issue.' "

The proceedings of the Circuit Court of Jefferson County, were reviewed on his appeal here and were held to be in all things regular and free of reversible errors. Vernon v. State, supra.

The appellant, . on the hearing before Judge Carter, contended that though on examination and search of the record and proceeding of the Circuit Court of Jefferson County, the proceeding on the trial, the judgment, conviction and sentence on their face, appear in all things regular, it is permissible on the hearing under the writ of habeas corpus, to look behind the indictment, trial and judgment of conviction, and by parol evidence show "that there has never been any negroes placed on the Grand Juries of Jefferson County, although there is a large per centage of negro population in that county;" and he offered to adduce evidence to that effect [Record, p. 9]; and nothing more. On the hearing appellant made the contention that on such predicate he was entitled to be discharged from custody. That contention is here renewed.

Confessedly this is a collateral attack on the judgment and proceeding of a court of constitutional creation, and of competent jurisdiction of the offense, and on the face of the proceedings, the court had jurisdiction of the person. Constitution 1901, [Alabama] Art. VI, § 143.

The contention is predicated on the concept that the Fourteenth Amendment of the Constitution of the United States, and the Act of Congress, which provides that "No citizen possessing all other qualifications * * * shall be disqualified for service as grand or petit juror in any court of the United States, or of any State, on

.account of race, color, or previous condition of servitude." 18 Stat. at L. 336, Chap. 114, 8 U.S.C.A. § 44, are pre-eminent, and predominant of all law, State and Federal. That the rules. of law,' which preserve the sanctity of·judgments of courts of competent jurisdiction regular on their face, encouraging the termination of litigation are to be disregarded, and the record of judicial proceedings are as a "mere scrap of paper," and under the force and virtue of the writ of habeas corpus, "the great writ of liberty," "and the modern tendency to broaden the scope of such writ," when its protection is invoked by one of the negro race, all law and rules of procedure for the protection of society and repose are swept aside as trash before the wind.

That concept may some time, in this changing world, be recognized as law, but it is not now the law in Alabama, nor in the United States, and we apprehend, as long as the principle of the common law prevails and the "law of the land as established therein" is recognized .and enforced, it will not be established as law by legislative act nor by judicial ipse dixit.

If the records of courts of justice, regular on their face, may ·be impeached by parol testimony and their verity destroyed, there would be no end to litigation in efforts to release murderers, robbers, rapists and other dangerous criminals who have been tried and convicted without any suggestion on or before the trial that jurisdiction .of the person had not been acquired; and no skilled lawyer would ever attempt to raise such question until after conviction. He would take chances on securing an acquittal of his client, and if he failed he would invoke the protection of the writ of habeas corpus, and compel the state to litigate as to his client's guilt or innocence, faced with a plea of former jeopardy.

■■ For more than three quarters of a century it has been settled law in this jurisdiction, in line with the great weight of authority, that "on a hearing under habeas corpus, if no evidence is adduced by either party, the return is presumed· to be true; and the averments of the petition for the writ, though not denied or controverted by the return, can·not be considered as thereby admitted." Ex Parte Hunter, ·39 Ala. 560; Payne v. Graham, 20 Ala.App. 439, 102 So. 729; 25 Am.Jur. 241, § 137, note 8; Bray v. State, 140 Ala. 172, 177, 37 So. 250.

■■ Also, where the court proceeding and conviction under which the prisoner is held are of a court of competent jurisdiction and are regular on their face, it is not .permissible to impeach the court's jurisdiction by parol testimony. It is only when invalidity appears on the face of the proceedings that it may be impeached on habeas corpus. Ex parte Bizzell, 112 Ala. 210, 213, 214, 21 So. 371; State v. Savage, 89 Ala. 1 (7),· 7 So. 7, 183, 7 L.R.A. 426; Bray v. State, supra; Ex parte Hill Adams, .170 Ala. 105, 54 So. 501; Ex parte Lane,. 12 Ala.App. 232, 67 So. 727; Ex parte Haley, 1 Ala.App. 528, 56· So. 245.

■ So also, that one may waive and does waive his constitutional rights if he fails to assert or claim them at the appropriate time and place· and according to the established course of procedure. Vernon v. State, supra; Moorer v. State, 115 Ala. 119, 22 ·So. 592; City of Huntsville v. Gudenrath, 194 Ala. 568, 69 So. 629; City of Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann.Cas.1915B,. 746; City of Mobile v. Smith, 223 Ala. 480, 136 So. 851.

This is also the federal rule where the procedural law of the state as interpreted and applied by the state courts affords ample opportunity to· claim the constitutional rights of the accused. Carruthers v. Reed, 8 Cir., 102 F.2d 933, 938; Id., 307 U.S. 643, 59 S.Ct. 1047, 83 L.Ed. 1523; Dunn v. Lyons, 5 Cir., 23 F.2d 14; Id., 276 U.S. 622, 48 S.Ct. 305, 72 L.Ed. 736; Craig v. United States, 9 Cir., 89 F.2d 980, 985; In re Wood, 140 U.S. 278, 11 S.Ct. 738, 35 L.Ed. 505; Andrews v. Swartz, 156 U.S. 272, 15 S.Ct. 389, 39 L.Ed. 422.

■ The statutes and rules of procedure as interpreted and applied in the· courts of Alabama give fair and full opportunity of an accused to claim his constitutional rights, applicable not only as to the white race but to the negroe race. Spooney was a negro. Spooney v. State, 217 Ala. 219, 115 So. 308; Doss v. State, 220 Ala. 30,· 123 So. 231, 68 A.L.R. 712; Spivey v. State, 172 Ala. 391, 56 So. 232.

■ The petitioner by demurring to˙ the return admitted the truth of the facts stated. Spivey v. State, supra.

■ The demurrer was properly´ overruled, and the proffered testimony if it had been admitted does not contradict the

582

return, nor does it show that the rules of due process of law were violated, and the objection thereto was sustained without error.

The Judge of the circuit court did not err in remanding the petitioner to the custody of the Prison Warden.

Affirmed.

All Justices concur except KNIGHT, J., not sitting.