133 So.2d 196

**John D. BROOKS**

v.

**STATE.**

**3 Div. 54.**

Court of Appeals of Alabama.

Nov. 29, 1960.

Rehearing Denied Jan. 24, 1961.

John D. Brooks, pro se.

MacDonald Gallion, Atty. Gen., and Jerry L. Coe, Asst. Atty. Gen., for the State.

PRICE, Judge.

John D. Brooks filed a petition for writ of habeas corpus against M. J. Wiman, Warden of Kilby Prison.

The petition sets up "that the purported color of authority by which respondent holds petitioner is that which is contained in a copy of warrant or commitment issued in this court February 25, 1959, wherein it is made to appear petitioner was sentenced to a term of twelve (12) years under three indictments charging burglary and grand larceny."

The petitioner further states that he was arraigned in circuit court of Montgomery County before the Honorable Eugene W. Carter, Judge of said court, on February 16, 1959, at which time he was "informed that he had been indicted in three indictments charging burglary and grand larceny," and that through counsel he entered pleas of not guilty to the charges. He further states that when the case was called for trial on February 25, 1959, his counsel was not present and the judge inquired whether petitioner intended to conduct his own defense. Petitioner replied that his counsel was not in court and solicitor informed the court that petitioner's lawyer was engaged in the trial of a case in city court. Thereupon the judge ordered that counsel be notified his presence was required in circuit court and delayed the trial to allow counsel time to appear. While awaiting the appearance of defense counsel the solicitor took petitioner into a side room and stated to him that the solicitor had agreed with defendant's counsel that if defendant would plead guilty to the charges against him the solicitor would recommend that he be given short sentences, but that if he were tried by a jury it was possible for him to be given a sentence of thirty years; that when the case was again called for trial the judge noted the absence of petitioner's attorney, but directed the trial to begin. It was then that petitioner entered plea of guilty and sentence was imposed by the court. The petitioner states further that he was incapable of conducting his own defense and was frightened because of the solicitor's statement as to the possibility of a sentence of "thirty years," and for this reason he entered pleas of guilty.

The Attorney General filed a motion to dismiss the petition on the grounds that the matters raised therein cannot be made the basis of a petition for writ of habeas corpus, and because it affirmatively appears that the petition seeks to attack the validity of the judgment entry which is valid on its face. Attached to and made a part of the

motion is the following judgment of the court:

, "Wednesday, February 25th, 1959
Court Met Pursuant To Adjournment
Present The Honorable Eugene W. Carter, Judge
Presiding

The State
No. 8912  V.  Offense—Burglary And Grand Larceny
J. D. Brooks, alias John D. Brooks

. "This day came the State by its Solicitor and came also the defendant in his own proper person and by attorney and the said defendant being duly arraigned upon the indictment for his plea thereto says he is guilty.

"It it therefore considered and adjudged by the Court that the said defendant is guilty as charged in the indictment and the said defendant being asked by the Court if he had anything to say why the sentence of the law should not now be pronounced upon him, says nothing; it is therefore considered and adjudged by the Court, and it is the judgment and sentence of the Court that the said defendant be imprisoned in the penitentiary of the State of Alabama for a term of Four Years."

The lower court denied the writ and dismissed the petition.

It affirmatively appears from the recital in the judgment that the attorney for accused was present when the plea was entered. In Griffin v. State, 258 Ala. 557, 63 So.2d 682, the court held:

"Without question it appears that the proceedings and conviction under which the petitioner is held are of a court of competent jurisdiction and are regular on their face. Accordingly it is not allowable to impeach the court's jurisdiction by parol testimony. In order to impeach such proceedings on habeas corpus, invalidity must appear on the face of the proceedings. Vernon v. State, 240 Ala. 577, 200 So. 560; Johnson v. Williams, 244 Ala. 391, 13 So. 2d 683."

The action of the circuit court in dismissing the petition is affirmed.

Affirmed.