TYSON, Judge.
William Lewter filed a petition for Writ of Habeas Corpus in the circuit court seeking to attack a conviction for “possession of a pistol” obtained in said circuit court on April 29, 1980, based upon a plea of guilty for felony possession of a pistol after having been convicted of a crime of violence as defined in § 13-6-152, Code of Alabama 1975. The habeas corpus petition also challenges the original conviction also obtained in the Circuit Court of Morgan County on March 5, 1947, wherein William Lewter entered a plea of guilty to a charge of grand larceny.
Following a hearing, the circuit court denied the habeas corpus petition and the appellant prosecutes this appeal from such denial by the circuit court.
At the habeas corpus hearing, the appellant had placed in evidence a copy of the minute entry of the grand larceny conviction obtained on March 5, 1947 in said circuit court. Without question this minute entry is silent on the question of whether or not the appellant was represented by counsel at the time of his pleading guilty, or offered counsel at the time of entering his plea of guilty and upon which he received an eighteen months’ sentence.
The appellant now seeks to set aside his possession of a firearm conviction and guilty plea entered on April 29, 1980 based upon the alleged lack of counsel or denial of counsel at the time of the 1947 grand larceny conviction.
I
The issue which this court must first address is whether the appellant is pursuing his proper post conviction remedy in Alabama in seeking to set aside the 1947 and subsequent 1980 convictions. In Vernon v. State, 240 Ala. 577, 200 So. 560 (1941), the Supreme Court of Alabama observed:
“Also, where the court proceeding and conviction under which the prisoner is held are of a court of competent jurisdiction and are regular on their face, it is not permissible to impeach the court’s jurisdiction by parol testimony. It is only when invalidity appears on the face of the proceedings that it may be impeached on habeas corpus. Ex parte Bizzell, 112 Ala. 210, 213, 214, 21 So. 371; State v. Savage, 89 Ala. 1(7), 7 So. 7, 183, 7 L.R.A. 426; Bray v. State, supra; Ex parte Hill Adams, 170 Ala. 105, 54 So. 501; Ex parte Lane, 12 Ala.App. 232, 67 So. 727; Ex parte Haley, 1 Ala.App. 528, 56 So. 245.”
Subsequently, Mr. Justice Stakely, speaking for the Supreme Court of Alabama in Griffin v. State, 258 Ala. 557, 63 So.2d 682 (1953) indicated the following, in answering a collateral attack on a judgment, through a habeas corpus petition:
“Without question it appears that the proceedings and conviction under which the petitioner is held are of a court of competent jurisdiction and are regular on their face. Accordingly it is not allowable to impeach the court’s jurisdiction by parol testimony. In order to impeach such proceedings on habeas corpus, invalidity must appear on the face of the proceedings. Vernon v. State, 240 Ala. 577, 200 So. 560; Johnson v. Williams, 244 Ala. 391, 13 So.2d 683.”
“Without in any way passing on the sufficiency of the allegations now before us, we think it proper to say that under the decisions in this state, the remedy in cases of this kind, if any, is either by a petition for a writ of error coram nobis, Johnson v. Williams, supra, or by motion for a new trial and review by appeal, Ex parte Gammon, 255 Ala. 502, 52 So.2d 369, dependent on the circumstances of the particular case.”
Later Alabama cases have expanded upon the use of the writ of error coram nobis as a means of post conviction review. Specifically, this court in Mayola v. State, 337 So.2d 105 (Ala.Cr.App.1976), cert. denied, 337 So.2d 107, (Ala.), pointed out the writ of error coram nobis filed in the circuit court *330 was the proper legal remedy with which to raise the alleged denial or lack of counsel at the time of preliminary hearing, arraignment, trial, or trial based upon a plea of guilty. The exacting legal standards as to what a record must show are therein set out. Mayóla, supra.
It therefore follows that the Circuit Court of Morgan County was correct in denying the petition for writ of habeas corpus which sought to impeach the judgment of the circuit court by parol testimony at the habeas corpus hearing. Cases herein cited.
We are further of the opinion that our decision in this matter is further supported by the opinion of the Supreme Court of the United States in Lewis v. United States, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980) which case notes that an uneounseled felony conviction may be used as a basis for imposing a civil firearms disability under Federal law until the proper validity of such prior conviction is challenged in a post conviction proceeding or otherwise removes the disability.
It therefore follows the judgment of the Circuit Court of Morgan County was correct in denying petition for writ of habeas corpus. The judgment is therefore affirmed.
AFFIRMED.
All the Judges concur.