Gerald David appeals from the denial of two postconviction petitions, both filed in the Circuit Court of Lee County, Alabama, each seeking to attack a conviction for robbery, which conviction took place, it is alleged, on April 29, 1981. The circuit court denied both petitions without conducting a hearing on either of them.
 I
The first petition in this record was a Petition for Writ of Habeas Corpus, which sought to challenge in state court the alleged "ineffective assistance of counsel" rendered at the time of the trial in the aforesaid robbery case. In denying the habeas corpus petition without conducting a hearing, the trial court was correct as the Alabama Appellate Courts have many times determined that a Petition for Writ of Habeas Corpus, which seeks to impeach a judgment valid on its face by parol testimony, may not be allowed in a habeas corpus proceeding.Vernon v. State, 240 Ala. 577, 200 So. 560 (1941). Moreover, a state habeas corpus petition may not impeach the validity of proceedings which are from a court of competent jurisdiction and which proceedings are regular on their face. In order to impeach such proceedings by parol testimony, the invalidity must appear on the face of the proceedings. Griffin v. State,258 Ala. 557, 63 So.2d 682 (1953); Lewter v. State,401 So.2d 328 (Ala.Crim.App. 1981). We therefore affirm.
 II
The second petition contained on this appeal was, however, a petition for Writ of Error Coram Nobis, which petition also sought to set aside the robbery conviction on the basis of the "ineffective assistance of trial counsel." This petition alleges that such counsel did fail to present "alibi witnesses" and did also "fail to subpoena witnesses" on behalf of the appellant. The petition also avers that the trial court did not allow the appellant to "contest" the statement of appellant given to police authorities, following his arrest, as being taken after denying him food or the advice of counsel.
This court recently in Ellison v. State, 406 So.2d 439
(Ala.Crim.App. 1981) and Kennedy v. State, 409 So.2d 1010
(Ala.Crim.App. 1982) has determined that, where the effective assistance of counsel is challenged in a petition for error coram nobis, and such is denied by the circuit court without conducting an evidentiary hearing, that such must be reversed and remanded for an appropriate evidentiary hearing held in circuit court.
Accordingly, we have no alternative but to reverse and remand the denial of the coram nobis petition for a hearing in circuit court. See also Mylar v. State, 671 F.2d 1299 (U.S. 11th Cir. 1982).
AFFIRMED IN PART; REVERSED AND REMANDED IN PART WITH DIRECTIONS.
All the Judges concur. *Page 780