HOUSTON, Justice
(concurring specially).
The plaintiffs waived an objection to the fees imposed against them pursuant to the Alabama Investment in Justice Act of 1999, Act No. 99-427, Ala. Acts 1999 (“the Act”), by failing to challenge the fees in the courts that imposed them on the plaintiffs.
In Barnes v. State, 274 Ala. 705, 711, 151 So.2d 619, 624 (1963), this Court wrote:
“It was stated by the Court in Vernon v. State, 240 Ala. 577, 200 So. 560 [ (1941) ], cert. denied, Vernon v. Wilson, 313 U.S. 559, 61 S.Ct. 837, 85 L.Ed. 1519 [ (1941) ]:
*170 “ ‘So also, ... one may waive and does waive his constitutional rights if he fails to assert or claim them at the appropriate time and place and according to the established course of procedure.’
“In Alabama Cartage Co., Inc. v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen, 250 Ala. 372, 34 So.2d 576 [ (1948) ], 2 A.L.R.2d 1273, the following statement of the rule of waiver was approved:
“ ‘ “A party may waive a rule of law or a statute, or even a constitutional provision enacted for his benefit or protection, where it is exclusively a matter of private right, and no considerations of public policy or morals are involved, and, having once done so, he cannot subsequently invoke its protection.” ’
“Appellee having failed to assert his rights before the Board, ... those constitutional rights, if any, which were denied by the Board are deemed to have been waived forever.”
Therefore, I do not believe that we can reach the issue whether the fees added to the court costs for offenses committed pri- or to the effective date of the Act violated the ex post facto provision of the United States or Alabama Constitutions.
SEE, J., concurs.