# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## RAUB v. OTTERBACK.

### JANUARY 23, 1896.

### Absent, Keith, P. *

1. RES JUDICATA—*Final Judgment on Merits Conclusive.*—To a *scire facias* to revive a decree, defendants plead *nul tiel record* and the act of limitations. On these pleas issue was joined, and there was a final general judgment in favor of the defendants. This ended all right in the plaintiff to enforce said decree against the defendants, either at law or in equity.

2. ATTACHMENT—*Levy—Description of Land.*—The levy of an attachment in equity on real estate must contain such general description of the real estate, and describe it with such substantial accuracy, that it may be easily identified, when conveyed, by looking alone to the levy, without the aid of extrinsic evidence.

Appeal from a decree of the Circuit Court of Fairfax county, pronounced at the June term, 1894.

*Affirmed.*

It appears from the opinion of the court in *Raub* v. *Otterback,* 89 Va. 646, that in the original attachment suit an affidavit was filed, stating " that the said Henry B. Otterback is a non-resident of the State of Virginia, and affiant believes that he has estate within the county of Fairfax, to-wit, *a contingent interest in the real estate of Philip Otterback, deceased, lying in said county.*" The only return on the original summons was : " Executed upon the tract of land

---

*Judge Keith decided the case in the Circuit Court.

within mentioned August 29, 1873." The other facts suffi-
ciently appear in the opinion of the court.

*H. O. Claughton*, for the appellant.

*W. Willoughby* and *A. W. Armstrong*, for the appellees.

HARRISON, J., delivered the opinion of the court.

The record in this case discloses that in June, 1879, the
Circuit Court of Fairfax county, in an attachment suit in
equity, entered a joint personal decree against the appellees,
one of whom was a non-resident, for the amount claimed in
said suit. With this personal decree the appellant seems to
have been content, no decree having been taken for the sale
of the non-resident's interest in the land sought to be attached,
for the reason, as stated by appellant, that it was a contingent
interest of such uncertain value that it would be sacrificed in
any attempt to sell it. No execution was issued on this
decree, and in August, 1889, the appellant had issued a *scire
facias* to revive it, and have execution thereon. In response
to this proceeding, one of the appellees filed the plea of *nul
tiel record* and the statute of limitations, and the other filed
the plea of the statute of limitations only. The whole matter
of law and fact, by consent of parties, being submitted to the
court for its decision, it was considered by the court that the
plaintiff was not entitled to execution, and final judgment
was rendered in favor of the defendants, with costs.

A writ of error having been awarded, this court affirmed
the judgment of the Circuit Court. See *Raub* v. *Otterback*,
89 Va. 645.

Since this final judgment in the *scire facias* proceeding
appellant filed his petition, which was dismissed, and subse-
quently his bill of review, in certain consolidated chancery

causes pending in the Circuit Court of Fairfax county, where funds were being administered in which appellees were interested, setting forth the personal decree already adverted to, alleging that it had been docketed, and was a lien upon the real estate attached, which had then been ordered to be sold in said pending chancery causes, and asking to have the debt allowed and paid out of any funds coming to appellees from said sale. Upon the hearing the Circuit Court, having already dismissed the petition, sustained the demurrer to the bill of review, and dismissed the same, with costs. From this decree an appeal was allowed.

It is not necessary to consider the questions going to the validity of the decree of June, 1879. That has been declared by this court to be void as to both defendants, and the judgment of the Circuit Court refusing to issue execution thereon affirmed. We are of opinion that the questions raised in the court below, and relied upon here, are *res judicata.* When the appellant was met in his *scire facias* proceeding with the plea of *nul tiel record* and statute of limitations, and upon those issues there was a final general judgment in favor of the appellees, that ended all right in appellant to enforce said decree against the defendants, either at law or in equity.

It is contended by appellant that the object of the *scire facias* proceeding was merely to obtain an execution, and that the effect of the decision in that case was only to deny the right of execution on the decree; that the lien of the attachment still remained. It is not necessary to consider this proposition, the soundness of which may well be doubted, for the reason that it appears from the record in this case that appellant never had any valid attachment lien to remain unaffected by the judgment in the *scire facias* proceeding.

The endorsement on the summons was that the object of the suit is to procure judgment against the defendants, and to attach the interest of the defendant, Henry B. Otterback, in

the estate of Phillip Otterback, deceased, in Fairfax county, to satisfy the same. The return of the sheriff was: "Executed upon the tract of land within mentioned." This levy is too vague and uncertain. The levy must contain such general description of the land, and with such substantial accuracy, as will connect it with the sale when made, so that purchasers may know the land, or interest therein, to be sold, and be able to form some estimate of its value; and, further, the levy should describe the land with such precision that it may be easily identified, when conveyed, by looking alone to the levy, without the aid of extrinsic evidence. *Robertson* v. *Hoge*, 83 Va. 124; *Brown* v. *Dickson*, 2 Hump. 395; *Waters* v. *Duvall*, 11 Gill & Johnson 37.

In this case the only interest of the defendant in the land was an undivided interest, contingent upon his surviving his mother. No one could have formed an idea from the levy itself what interest in the land was owned by the defendant, and could have had no opinion of its value.

No valid attachment was levied, and therefore no lien was acquired on the real estate of the debtor.

There is no error in the decree complained of, and it is affirmed.

*Affirmed.*