[Drinkard v. Oden.]

# Drinkard v. Oden.

## Detinue.

(Decided April 16, 1907.   43 So. Rep. 578.)

*Judgment; Res Adjudicata.*—The defendant finding certain hogs at large on his premises instituted proceedings under the act approved Sept. 29, 1903, (General Acts, 1903, p. 431) to determine the ownership thereof. The proceedings were had before the justice of the peace having jurisdiction of the person and the subject matter. The proceedings were contested by the plaintiff in the present suit, but judgment was rendered against him and no appeal taken therefrom. The pleadings were had in conformity to the requirements of the statute, Held, that as between the contestant and the party instituting the proceedings the judgment there rendered was a bar to the recovery by the contestant in detinue of the hogs condemned in such proceedings.

APPEAL from Morgan Circuit Court.
Heard before Hon. D. W. SPEAKE.
Action by T. R. Drinkard against C. A. Oden. From a judgment for defendant, plaintiff appeals. Affirmed.

The 1st and 2nd grounds of demurrer to defendant's plea should have been sustained. There is no room for construction.—*Hilliard v. The State,* 100 Ala. 634; Index Annimo Surmo; *Maxwell v. The State,* 89 Ala. 150; *Harrison v. The State,* 102 Ala. 170; *Montgomery v. Gaston,* 126 Ala. 446. The courts are not concerned about whether a statute is a wise and judicious exercise of the legislative power.—*Shepherd v. Dowling,* 127 Ala. 13. There is a conflict between the act of 1901, p. 312, and the act pleaded in this cause.—*Maxwell v. The State, supra.* The 4th ground of demurrer should have been sustained because the act approved Sept. 29, 1903, was unconstitutional as containing more than one subject not clearly expressed in its title.—Article 4, § 45, Constitution 1901; *Thompson v. Luverne,* 128 Ala. 567;

[Drinkard v. Oden.]

*John v. Merritt,* 117 Ala. 485; *Bell v. The State,* 115 Ala. 87; *B. P. & Co. v. Lucas Co.,* 119 Ala. 202; *State v. Buckley,* 54 Ala. 599; *White v. Burgin,* 115 Ala. 170; *Yerling v. Cochran,* 101 Ala. 541. The act is further unconstitutional because granting legislative power to the courts of county commissioners.—Section 22, Constitution 1901; *Mitchell v. The State,* 134 Ala. 392; *Harland v. The State,* 136 Ala. 150. Private property cannot be taken and applied for public use without just compensation.—*Dorman v. The State,* 34 Ala. 216; *Sadler v. Langham,* 34 Ala. 311; *Railroad Co. v. Matthews,* 99 Ala. 24. The act also violates section 106-7, Constitution 1901.—*Wallace v. Board of Revenue,* 140 Ala. 491. It is a local act.—*Holt v. Mayor of Birmingham,* 111 Ala. 369. The court erred in omitting the minutes of the commissioner's court to be introduced in evidence.—*Goggings v. Myrick,* 131 Ala. 282.

BROWN & KYLE, for appellee.—The judgment in the justice court was res adjudicata as to the issues in this suit.—*Woods v. Woods,* 134 Ala. 557; *Tankersly v. Pitts,* 71 Ala. 186; *Glasser v. Meyrovitz,* 119 Ala. 156. This doctrine applies as well to the question of validity as to the existence of a statute under which the proceedings were conducted.—42 S. W. Rep. 92; 64 S. W. Rep. 997; 63 Am. St. Rep. 795; *Bibb v. Bibb,* 79 Ala. 437; *v. Brame,* 45 Ala. 263. The judgment in the justice *Cannon v. Brame,* 45 Ala. 263. The judgment in the justice court was res adjudicata on the question of validity of the election and the fact that precinct 6 was a stock district.—123 Ill. 122; 115 Ind. 484; 13 Wash. 141. Judgments of justices of the peace in cases within their jurisdiction are entitled to the same faith and credit as the judgments of any other court.—§ 2678, Code 1896; *State v. Hunphries,* 125 Ala. 112. The legislature may provide that a statute may take effect upon the happening of a future event and may authorize an officer to announce when the event happens.—*Hand v. Stapleton,* 135 Ala. 156; *Jackson v. The State,* 131 Ala. 21; *State v. Crook,* 126 Ala. 220; 185 N. S. 203.

[Drinkard v. Oden.]

TYSON, C. J.—This is an action of detinue to recover certain personal property, to-wit, four hogs. It is made to appear both by the pleadings and the proof that this action was commenced after the defendant in this case had taken possession of the hogs, which were found at large and uncontrolled on his premises, and had instituted the legal proceeding requisite to a determination of the respective rights of the parties before a justice of the peace having jurisdiction to determine the validity of the seizure and the amount of the damage, etc., as provided by Act Sept. 29, 1903 (Gen. Acts 1903, p. 431). It also appears that upon the hearing of that controversy the plaintiff here appeared and contested with the defendant here, the plaintiff in that proceeding, the validity of the seizure and the right to damages, etc., as provided by the act, which resulted in a judgment adversely to him, from which no appeal was taken. That proceeding appears to have been in all respects regular and in conformity to the provisions of the act.

It is manifest that the purpose of this action is to assail collaterally the proceeding above referred to; and to this end an assault is made upon the constitutionality of the act under which it was had. "A judgment or decree, of a court of competent jurisdiction is conclusive, and becomes res adjudicata as to a subsequent suit, when it is ascertained that the subject-matter of the two suits is the same and the issues in the former suit were broad enough to have comprehended all that is involved in the issues in the second suit. The inquiry is, not what the parties actually litigated, but what they might and ought to have litigated."—*Wood v. Wood,* 134 Ala. 557, 33 South. 347. And this principle applies as well to a question involving the validity or existence of a statute under which proceedings are conducted, or upon which a cause of action is founded, as to any other issue in the case. This doctrine is stated by Judge Cooley in his work on Constitutional Limitations in this language: "Whatever the question involved—whether the interpretation of a private contract, the legality of an individual act, or the validity of a legislative enactment—the rule of finality is the same. The controversy

has been adjudged; and, once finally passed upon, it is never to be renewed. It must frequently, therefore, occur that a question of constitutional law will be decided in private litigation, and the parties to the controversy * * * will thereby become absolutely and forever precluded from renewing the question in respect to the matter therein involved. The rule of conclusiveness to this extent is one of the most inflexible principles of the law, insomuch that, even if it were subsequently held by the court that the decision of the particular case was erroneous, such holding would not authorize the reopening of the old controversy in order that the final conclusion might be applied thereto."—Cooley on Con. Lim. pp. 80, 81. We have but to apply these principles to see that there is no merit in any of the propositions insisted upon in brief of appellant's counsel.

Affirmed.

DOWDELL, ANDERSON, and McCLELLAN, JJ., concur.