PYLE *v.* GENTRY *et al.*

[90 South. 485. No. 22236.]

1. DAMAGES. *Only damages allowable for failure to pay when due is legal interest.*

An agreement in a deed of trust on land to secure the payment of several promissory notes at maturity that, if the grantor fails to meet any of the notes when due, he will pay the holder thereof a fixed sum of money as rent with no provision for the credit thereof on the notes or on the interest to accrue thereon, is unenforceable, whether it is

held to provide for liquidated damages or for a penalty, for the only damages allowed by law for the failure to pay money when due is legal interest thereof.

2. DAMAGES. *Conventional penalty is enforceable only to extent of actual damages for breach of contract.*

A conventional penalty can be enforced only to the extent of the actual damages sustained because of a breach of the contract.

3. JUDGMENT. *Maker not a party to action against indorsers not bound by judgment.*

Although a holder of a promissory note has obtained judgment against the indorsers thereon, the maker of the note, if not a party to the judgment, will not be bound thereby in a suit against him by the indorsers thereon, but will be liable to them only for the amount that was actually due by him on the note.

APPEAL from chancery court of Pontotoc county.

HON. A. J. MCINTYRE, Chancellor.

Bill by J. T. Gentry and others against T. L. Pyle. Temporary injunction was issued, and the cause heard on demurrer and motion to dissolve, both of which were overruled, and defendant appeals. Reversed and remanded.

*Fontaine & Fontaine* and *Mitchell & Mitchell,* for appellants.

The court erred in overruling appellant's demurrer. It is settled law that a court of equity will not give relief against a judgment at law where the remedy at law was fully adequate and unembarrassed, unless for some reason which prevented a defense at law without negligence on defendant's part. *Thomas* v. *Phillips,* 4 S. & M. 358.

Complainant and appellee, Ann Leslie, was neither a necessary or proper party complainant. It affirmatively appears that she was not a party to the judgment, nor is it alleged that the other appellees were her agents, nor does it appear now that her rights could be affected or concluded by said judgment. *Roberts* v. *Ross,* 2 Miss. 274; *Harper* v. *Hill,* 35 Miss. 63.

127 Miss.—50.

She has all the rights she ever had, and can enforce them in another action. *Harper* v. *Hill,* 35 Miss. 63. It is argued that the makers of said notes, Eddie and Anna Leslie, should have been made parties defendant to the suit in which the judgment was rendered. The statute requiring suits to be brought against endorsers and makers jointly was for the benefit of endorsers. Code 1906, sec. 4013.

Appellees Gentry and McDivitt could have had them made parties defendant to the suit in which the judgment was .rendered by demurring to the declaration or by plea in abatement. *Lillard* v. *Planters Bank,* 3 Howard 78; *Stiles* v. *Inman,* 55 Miss. 469.

The sale of the land by appellee Gentry to the Leslies, construing the deed, the notes and the deed of trust, all executed at the same time, together, clearly shows the contract for the sale of the land was an executory contract and that rent could be stipulated for in default of the payment of the purchase money. *Sample-Carter Co.* v. *Cox,* 22 So. 801. But in that case a re-conveyance of the land was made to Mrs. Cox.

Now the contract in this case certainly authorized the purchasers of the land to pay the rent instead of the notes for the purchase money as they became due, and compelled assignee of the notes for the purchase money to accept same. Justice WOOD in the case of *Maynard* v. *Cox,* 71 Miss. 495, propounds the question: "Can the dual relation of vendor and vendee and landlord and tenant subsist between the same parties when the vendee has received from the vendor an absolute conveyance to the land?" As to this we do not pretend to say; but we do say that the vendee in possession under his deed could compel the vendor to accept payment of the notes for the purchase money of said land. However, this may be, the claim of appellees Gentry and McDivitt that they should and ought to have been credited, as endorsers with the rent payments, on the purchase money notes for the land upon which they were sued by appellant Pyle, and which they

allege in their bill of complaint were really payments on said land; we respectfully submit that this should have been in said suit in the circuit court upon these notes, and having failed so to do, they are now concluded by the judgment of the circuit court. The circuit court had full and unencumbered jurisdiction to entertain such plea, and their allegation in their bill of complaint that this defense was equitable and could not have been made at law is purely an erroneous conclusion of law.

*George T. Mitchell* and *D. R. Bolton,* for appellees.

Will a court of equity permit appellant to retain this four hundred fifty dollars additional sum and yet collect the full amount of the notes and interest? We frankly admit that if a court of equity will stand for such extortion, we have no lawsuit and might as well confess it in the beginning. Upon our confidence that it will not permit it, we are willing to rest our case.

What is this one hundred fifty dollars per annum which the deed of trust calls rent? It cannot be called rent, for appellant Pyle had no title to the land or even reversion therein. His only interest was a deed of trust securing his notes. He was an entire stranger to the title. The fee to the land was in the party who paid the rent. Under no construction of the law could this one hundred fifty dollars per annum payment be considered rent in the true sense of the word. It cannot be interest, for appellant claims his judgment for full interest, making no allowance therefor. In the case of *Maynard* v. *Cox,* 71 Miss. 495, there were interest notes which it was stipulated should be considered as rent notes and a landlord's lien retained for the collection of same. This the court held not to be rent, but a provision for an equitable lien on the agricultural products for the collection of the interest. There was no attempt in that case to collect both rent and interest.

What then is this thing called rent? We may conclude what it is not, but it is difficult to say what it is. Counsel for appellant do not undertake to classify it and we confess our inability to do so with entire accuracy. It is the creature of some justice of the peace which only the Sir William Blackstone of that system of jurisprudence adhered to by the ancient and Independent Order of J. P.'s could properly interpret.

If we may hazard our opinion as to what this rent really is, we would say that in the nature of a penalty or forfeiture, it seems to us very much like the "pound of flesh" exacted by Shylock on Antonio's bond. It is an extra sum to which appellant became entitled under the contract upon default in payment of any note at maturity without in any way impairing or diminishing the rights of the creditor thereunder. · Appellant's sole reliance is that he has gained an advantage at law and thereby he seeks to tie the hands of a court of equity and thus be enabled to hold that to which in equity and good conscience he is not entitled.

Answering appellant's contention that this matter is concluded by the judgment of the court of law, we say it was not a matter cognizable in a court of law. The law will enforce the contract as written, but equity will relieve against the inequities of it. The contract stipulated for the payment of the rent and in a court of law, appellant was entitled to insist on the principal and interest without credit for the rent, suit was brought in a court of law on the notes. There was no provision in them as to the rent. It was a separate instrument, the deed of trust, that provided for the rent. A court of law will enforce a contract according to its terms and will not relieve against it because it is unconscionable. The contract it enforced in rendering judgment on the notes had no reference to the rent. The rent was provided for in a separate instrument. It was not an executory, but an executed contract, for the rent had already been paid. It

the aid of a court of equity is necessary in order to compel appellant to apply as an equitable set off that which in equity and good conscience he may not retain, although he obtained it lawfully.  No matters are concluded by a judgment at law except those that could have been pleaded in the action before it.  Matters of an equitable nature could not be concluded, for there was never a forum in which they could have been adjudicated.  The matter in issue is equitable and is therefore not concluded.

Regardless of all this, the demurrer should have been overruled because Anna Leslie, one of complainants, was not a defendant in the suit at law and therefore her rights to claim the set-off for rent, could under no theory of the law be concluded thereby.  Appellant attempts to side-step this obstacle by claiming that she is neither a necessary or proper party to this bill and argues that he did not have to make her a defendant in his suit at law. There is no contention that the judgment is void because she was not a party defendant.  But the fact remains that she was a party in privity with Gentry and McDivitt. She was the maker of the note and they her endorsers. It was and still is her debt.  Whether liable at law or not, she is in equity and good conscience obligated to reimburse her endorsers for any sums they may have to pay on account of her indebtedness.  She therefore has an interest in the matter and is a proper party to the suit to enjoin appellant from collecting more than is equitably due.

The case of *Harper* v. *Hill,* 35 Miss. 63, cited by appellant, was one in which the improper party was not in privity with the defendants in execution.  The case of *Webster et al.* v. *Skipwith,* 26 Miss. 341, is ample authority for the position we are here taking.  In that case, the complainants were not parties to the suit at law which they were seeking to enjoin, but they were in privity with the defendant in the judgment at law and the court sustained their right to enjoin its execution.  The reasoning of the court in that case applies with equal force to the one at bar.

SMITH, C. J., delivered the opinion of the court.

This is an appeal to settle the principles of the case from a decree overruling a demurrer and dissolving an injunction.

The bill of complaint filed by J. T. Gentry, H. H. McDivitt, and Anna Leslie alleges, in substance, that Anna Leslie and her husband, now deceased, executed and delivered to J. T. Gentry their four promissory notes due and payable respectively as follows: The first for three hundred and fifteen dollars, due November 1, 1913; the second for two hundred ninety-two dollars and fifty cents, due November 1, 1914; the third for two hundred and seventy dollars, due November 1, 1915; and the fourth for two hundred forty-seven dollars and fifty cents, due November 1, 1916,—each bearing interest at the rate of 6 per cent. per annum after maturity and secured by a deed of trust on certain land. The deed of trust is in the usual form, but contains this stipulation: "If the said Ed Leslie and wife failed to meet either of their said notes, they shall pay one hundred and fifty dollars rent."

These notes were indorsed by Gentry to McDivitt and by McDivitt to Pyle. In December, 1916, the trustee in the deed of trust executed by the Leslies to secure the payment of these notes sold the land in accordance with the terms of the deed of trust and paid the proceeds thereof, amounting to three hundred ninety-eight dollars and ten cents, to Pyle, who, after crediting the same on the amount due on the notes, sued and recovered a judgment by default against Gentry and McDivitt in the circuit court of Pontotoc county for the balance due thereon, including interest. The bill further alleges, in substance, that the defendants in the action at law filed several pleas to the declaration therein after the lapse of two terms of the court from the filing of the declaration, which pleas on motion of the plaintiff were ordered by the court to be stricken from the files; that the reason these pleas were not filed at the time required by law was that the parties

were negotiating for a settlement of the controversy between them, and the attorneys representing them agreed that the pleas need not be filed at the return term, which agreement counsel for the defendants presumed would hold good until the negotiations were closed. The record in the action at law, including the evidence heard on the motion to strike the pleas from the files, was made an exhibit to the bill. The bill further alleges that one hundred and fifty dollars for each of the years 1914, 1915, and 1916, making a total of four hundred and fifty dollars, was paid by the Leslies to the appellant under the rent clause in the deed of trust, and that they were entitled to a credit therefor on the notes, and that the reason they did not avail themselves of the right to such a credit in the action at law was: First, they were misled by the agreement of counsel with reference to the filing of the pleas; and, second, that a plea setting forth their claim thereto would not have been entertained for the reason that their right to the credit was of such an equitable character as not to be cognizable in a court of law. Three pleas were filed or offered by the defendants in the action at law, but neither of them set up or referred to the payment or set-off here in question. The prayer of the bill is for an injunction against the sheriff and the appellant restraining them from proceeding with the execution of the judgment unless they shall credit thereon the four hundred and fifty dollars, herein before referred to, with interest thereon. On this bill a temporary injunction was issued, and the cause was heard on demurrer and motion to dissolve, both of which were overruled.

In answer to the appellees' contention that their failure to plead the payment or set-off here in question in the suit at law was caused by the agreement of counsel herein before referred to, it will be sufficient to say that they made no attempt to file any such plea, for the pleas there filed or offered as herein before set forth relate to other matters entirely.

It does not clearly appear from the brief of counsel for the appellees on what ground they base their contention that any right that the appellees may have to a credit on the notes on which the judgment here in question was rendered of the four hundred and fifty dollars paid the appellant under the rent clause of the deed of trust could not have been availed of in the action at law if seasonably pleaded, and we are not aware of any reason why it could not have been.

Leaving out of view whether the designation of the one hundred and fifty dollars in this agreement as rent would have given, if valid, the holder of the notes a lien therefor on the crops growing on the land under the rule announced in *Maynard* v. *Cocke,* 71 Miss. 493, 15 So. 788, the payment thus provided for could have been intended only as liquidated damages or as a penalty. If as liquidated damages, the agreement is void, for the only damages allowed by law for the payment of money when due is legal interest thereon. Section 2678, Code of 1906 (section 2075, Hemingway's Code); *Hughes* v. *Fisher,* Walk. 516; *Building & Loan Ass'n* v. *McElween,* 100 Miss. 16, 56 So. 187. If it was intended as a penalty, the same result would follow, for the agreement could only be enforced to the extent of the actual damages sustained, to-wit, interest on the debt due.

It is true that the ancient common law strictly enforced conventional penalties, but since the enactment of St. 8 & 9, Wm. III, c. 11, the equitable doctrine restricting suitors in actions for penalties to the collection of the actual damages sustained has been accepted as the settled rule at law (17 Corpus Juris, 933; 1 Pomeroy's Equity (3 Ed.), section 73; *Sun Printing & Pub. Ass'n* v. *Moore,* 183 U. S. 642, 22 Sup. Ct. 240, 46 L. Ed. 366), and has been uniformly adhered to by this court. It will thus be seen that whatever right the appellees may have had under the rent agreement was legal, and not equitable, from which it follows that, if the appellees had any right to set-off the payments made by the Leslies, though volun-

tarily, under the rent clause of the deed of trust, as to which we express no opinion, it could have been availed of in the action at law.

One other contention of the appellees is that Anna Leslie is entitled to the relief here sought for the reason that she was not a party to the action at law, but that nevertheless she will be liable as one of the makers of the notes to reimburse Gentry and McDivitt for any amount they may be compelled to pay the appellant on the notes. As she was not a party to this judgment, she will, of course, not be bound thereby, and will be liable to Gentry and McDivitt for the amount only that was actually due the appellant on the notes.

*Reversed and remanded.*