## BUELL LUMBER CO. v. HILL.

### No. 11306.

Court of Civil Appeals of Texas. Dallas.

June 24, 1933.

Rehearing Denied Sept. 16, 1933.

W. H. Barnes, of Terrell, for appellant.

Ashworth, Crisp & Ashworth, of Kaufman, for appellee.

JONES, Chief Justice.

Appellant, Buell Lumber Company, a corporation, instituted this suit in the form of trespass to try title to recover from Omagene Hill, appellee, title to and possession of, a tract of land situated in Kaufman county. From a judgment in favor of appellee, appellant has duly perfected an appeal. The facts are as follows:

It is agreed that J. M. Hill, Jr., is the common source of title. In October, 1930, J. M. Hill, Jr., was indebted to appellant in the sum of $985. Appellant instituted suit in the district court of Kaufman county to recover said indebtedness, and on proper affidavit, October 24, 1930, duly obtained a writ of attachment, and caused same to be levied on the land in question. This writ of attachment was not filed with the county clerk of Kaufman county for record, and no lis pendens was filed. On October 14, 1930, J. M. Hill, Jr., conveyed to his daughter, Omagene Hill, eighteen years of age, the tract of land in question, for the sole consideration of love and affection. Omagene Hill was made a party to the suit, and it was alleged that the conveyance to her was made by her father for the purpose of defrauding his creditors. Omagene Hill was not named in the attachment writ.

This case was tried and resulted in a judgment, on June 23, 1931, in effect canceling the conveyance to Omagene Hill, because of the alleged fraud, foreclosing the attachment lien and directing the issuance of an order of sale. The property was regularly sold and duly conveyed by sheriff's deed to appellant.

On or about January 30, 1931, Omagene Hill, by warranty deed, conveyed the property to appellee, a sister of J. M. Hill, Jr., and an aunt of Omagene Hill, and this deed was at once placed of record. Appellee, though owning the record title to the property in question, was not made a party to the former suit.

■ The evidence is sufficient to show that appellee did not have actual or constructive knowledge of the writ of attachment served on J. M. Hill, Jr., or of the existence of the suit by appellant against J. M. Hill, Jr., and Omagene Hill, at the time she made the purchase, and that she paid full value for the land. The deed recited a cash consideration of $3,600; the proof, however, establishes that this consideration consisted in the cancellation of a note indebtedness of $1,500 due by J. M. Hill, Jr., to appellee, the payment of $500 in cash, and the assumption of other indebtedness owed by J. M. Hill, Jr. A part of this latter indebtedness had been paid at the time of the trial. She also testified that she knew at the time that J. M. Hill, Jr., was "broke" and insolvent, but explained that she meant by this expression that he did not have any ready money.

The case was tried to a jury, submitted on special issues, and a verdict thereon returned in favor of appellee. On this verdict the judgment from which this appeal is prosecuted was entered. The special issues submitted and the verdict thereon are:

"Question No. 1: Do you find from a preponderance of the evidence that J. M. Hill, Jr., brother of the defendant, executed a deed to the property in controversy of Omagene Hill with intent to delay, hinder or defraud his creditors? Answer: No."

"Question No. 3: Do you find from a preponderance of the evidence that J. M. Hill, Jr., transferred the property in controversy to Omagene Hill when he, the said J. M. Hill, Jr., was not then possessed of property within this state, subject to execution, sufficient to pay his existing debts? Answer: No."

■■ The effect of this finding by the jury is that appellant failed to discharge the burden resting upon it to show in this suit that

the deed of conveyance from J. M. Hill, Jr., to Omagene Hill was void because made in fraud of J. M. Hill, Jr.'s, creditors. The record clearly supports this finding, and we adopt it as the finding of this court. The only evidence offered by appellant to discharge the said burden was the recital of such fraud in the judgment in the former suit. Neither this judgment nor its recitals of fact is binding upon appellee, for she was not a party to such suit and had no knowledge of the institution of same, and hence it has no probative force as against her to establish the fact that J. M. Hill, Jr., executed the conveyance to Omagene Hill in fraud of his creditors at a time when he was insolvent.

We are of the opinion, therefore, that the judgment of the lower court should be affirmed.

Affirmed.

Mr. Justice BOND, having presided as judge at the trial below, did not sit in the case.