## WHITE HOUSE LUMBER CO. et al. v. DENNY et al.*
### No. 4273.

Court of Civil Appeals of Texas. Amarillo.

Oct. 8, 1934.

Rehearing Denied Nov. 5, 1934.

Hoover, Hoover & Cussen, of Canadian, for appellants.

Will Crow, of Canadian, for appellees.

MARTIN, Justice.

A former appeal of this case will be found reported in (Tex. Com. App.) 54 S.W.(2d) 86 and (Tex. Civ. App.) 40 S.W.(2d) 250. A sufficient statement of the essential facts is therein given.

The Supreme Court Commission expressly decided, 54 S.W.(2d) 86, that appellees' written contract for the drilling of an oil well, timely filed, gave to them a superior lien upon the property in controversy. We will not reopen and again discuss questions raised by appellants which were foreclosed against them by the above opinion. Appellants now apparently overlook the fact that the opinion, supra, expressly decided that appellees' lien was properly fixed under the statute and operated as a superior lien from the date of their contract and that the possession of said property by appellants postdated the said contract.

It is sufficient here to say that appellees' right to the property was conclusively established on the trial of this case and the peremptory instruction of the court to the jury was proper unless there was present an issue for the jury's determination. This alleged error of the court is the major legal issue presented. We have concluded the action of the court in this respect was error. This we now attempt to demonstrate. Appellees proved a written contract and indebtedness against McCorkle and that same merged into a valid judgment of foreclosure. Appellants were dismissed from this suit before judgment, and are therefore not bound by it. Opinion, 54 S.W.(2d) 86, supra. After judgment an order of sale was issued and the property in controversy sold to appellees. All the above was properly shown as evidence of their claim and right to the property. Appellants, without detailing it, showed an absolute right to said property, inferior however to appellees, unless the claimed lien of appellees was destroyed by the existence of certain facts pleaded and proven. One of these defenses was that the debt alleged against Mc-

---

*Second motion for rehearing denied Dec. 3, 1934.

Corkle in the above suit had been fully paid by him before such suit was filed. Proof was made of this by McCorkle and wife, neither of whom appeared in the trial of the original case above referred to; the judgment against them being by default. The trial court construed this as a collateral attack upon the judgment procured by appellees against McCorkle, and refused to either consider it as a defense, or to submit its existence as an issue to the jury. The appellees vigorously argue that this was no defense, basing their argument upon the hypothesis that even a stranger to a judgment may not attack it under the above circumstances. Let us examine first the logic of this from a common-sense standpoint. A, B, and C all claim the same horse. A sues B without joining C and procures a judgment that he is the owner of the animal and secures possession thereof. Thereafter C sues A, and the court holds that C may not testify to any fact showing his ownership of the animal because it contradicts the terms of the judgment between A and B of A's ownership, is a collateral attack upon said judgment, and is no defense. Assume further that C actually owned the animal. We thus have a case where one has been deprived of his property "without his day in court" by an ex parte proceeding which he never defended, and couldn't because not a party thereto. This would be a strange proceeding and result in Anglo-Saxon jurisprudence. The case first recited and the one before us are not essentially different, it seems to us. The respective facts would seem to call for the application of the same legal principle. Here, appellees assert ownership of property by virtue of a foreclosure of an alleged lien. Appellants reply, "your debt was extinguished and your lien died with it before your action was brought to which we were not made a party." The appellees answer, "You can't raise this question because a court has decided in a contest with a third party that we did have a lien, and your claim amounts to a contradiction of this and therefore is a collateral attack on your judgment against the third party."

The trial court evidently became confused between "actively attempting to destroy a judgment, and * * * the assertion of its inconclusiveness as res judicata." Freeman on Judgments, p. 633.

Appellants cannot deny the binding effect of the said judgment as between appellees and McCorkle, and any attempt to do so in this proceeding would constitute a collateral attack, but the defense under discussion was intended to deny only its binding effect as to themselves. Plainly it was not res judicata as to them, and therefore not binding. Freeman on Judgments (5th Ed.) 887; Johns v. Northcutt, 49 Tex. 444; Main v. Cartwright (Tex. Civ. App.) 200 S. W. 847; Lamar County v. Talley (Tex. Civ. App.) 127 S. W. 272; Laird v. Winters, 27 Tex. 440, 86 Am. Dec. 620; National Loan & Inv. Co. v. L. W. Pelphrey & Co. (Tex. Civ. App.) 39 S.W.(2d) 926. The case last cited contains the collation of many authorities, and is decisive of the present case.

Proof of extinguishment of the debt would end the lien existing to secure it. Heidenheimer, v. Higginbotham-Bartlett Co. (Tex. Civ. App.) 53 S.W.(2d) 644. With the lien extinguished, appellants would be entitled to the property, hence the said defense should have been submitted to a jury.

Upon another trial, the record suggests that an issue may exist as to whether a contract was ever made with McCorkle by appellees. We cannot tell what the evidence will show as to this, and go no further than to say that what we have said above will govern this question also.

■ Some question was raised, at least in oral argument of this case, as to the appellants' active participation in the trial of the case against McCorkle. The record is not in condition to pass on this. We quote the following: "Persons though not nominal parties, may, by active and open participation therein, so connect themselves with litigation in which they are interested that the result is res judicata for or against them." Freeman on Judgments (5th Ed.) 939, § 432.

The judgment is reversed and cause remanded.

### On Motions for Rehearing.

Appellants and appellees have each filed motions for rehearing.

The right of appellants to prove by McCorkle that his debt to appellees had been paid prior to the rendition of their judgment against him is vigorously attacked in a motion by appellees, evidencing much industry and research. Their contention is based largely upon the following: "34 C. J. 1049, par. 1483, holds as follows: 'Under exceptions to rule; * * * Also, it is generally held that, where no fraud or collusion has been shown in the recovery of a judgment, it is conclusive, even as against third persons, of the fact and the amount of the indebtedness of the judgment debtor.' "

The solution of the question has been made difficult by the presence in many decisions of loose expressions. An attempt to explain and to harmonize all these would be useless. The well-considered cases which tend to support the above text fall largely into three classes: (1) Those where the so-called third party was in privity with one of the parties to the judgment. (2) Causes of action of a purely statutory nature where there existed an express or implied inhibition against the introduction of such evidence. (3) Cases where the party asserting the right to make such proof had failed to so connect himself with the property involved as to show any injury by the rejection of the evidence.

None of these are present here. Where, as here, the contest is one involving the title and right to property, we are not able to believe that a judgment to which one of the contestants is an entire stranger may legally be given the effect of depriving such contestant of his property without any hearing, upon the technical ground that such party is estopped by a proceeding purely ex parte as to him, in which a certain fact was established which he had no chance to deny or refute. If appellees had no lien, they had no right to the property involved here, as against appellants. Such lien coexists only with the debt owing to them. Its settlement extinguishes their lien.

In its last analysis, this suit is a contest of title to property, not one primarily as to whether or not a third party owed one of the contestants. The latter is only an incident of the real question to be determined, and is collateral thereto.

As tending to further support the view expressed in our original opinion, we quote:

"But this defendant is not in privity with the contract of debt secured by plaintiff's mortgage, and hence, when the plaintiff pursues one of the remedies to which he is entitled, to wit, a suit against the mortgagor on the debt, it does not conclude a purchaser of the mortgaged property from showing, if he can, that at the time of the alleged conversion the debt had been actually paid. If there had been any agreement on the part of the defendant to have paid the debt, or any other agreement that would have placed defendant in privity with the mortgagor, it would be different. The rule has so many times been stated that it is useless to repeat it here, but the following cases will suffice to illustrate our meaning: Powell v. Robinson, 76 Ala. 423; White v. Hill, 176 Ala. 486, 58 So. 444;

Drinkard v. Oden, 150 Ala. 475, 43 So. 578. This does not interfere with or affect the judgment of the plaintiff against the mortgagor, but it would be monstrous to conclude this defendant by a judgment with which he was in no way connected nor could have defended against. Every man must have his day in court." J. H. Arnold & Co. v. Pinckard & Lay, 16 Ala. App. 590, 80 So. 164, 165.

"Although the judgment would be admissible as evidence against the parties, it is inadmissible as against strangers to prove facts therein determined. Thus a judgment is not, as against strangers to it, evidence of the antecedent existence of the debt for which it was rendered, or to show who were the members of a particular firm, or the heirs of a designated decedent. In other words, a stranger is not affected by the judgment as an instrument of evidence, and a witness who is a party to a judgment or decree is not estopped in a suit against strangers from testifying to facts which he is estopped by such judgment or decree from denying as between himself and his adversaries." 15 R. C. L. 1007, § 481.

See, also, Buell Lumber Co. v. Hill (Tex. Civ. App.) 62 S.W.(2d) 1107; Fly v. Cline, 49 Cal. App. 414, 193 P. 615; Pyle v. Gentry, 127 Miss. 784, 90 So. 485; Succession of Barth, 178 La. 847, 152 So. 543, 91 A. L. R. 408.

We have not overlooked numerous propositions of appellants, as asserted by them in their motion for rehearing. We decline to be drawn into a discussion of questions which we regard as well settled, and which only lengthen an opinion without adding anything of value to it. As an illustration of appellants' many contentions, we mention one. It is vigorously insisted that since McCorkle and wife testified that appellee's debt was paid, as mentioned above, and since appellees failed to deny it, though present, the judgment here should be reversed and rendered. The relation of the McCorkles to the controversy was such as to make them interested witnesses. It is clear to us that the said evidence was open to suspicion, and that it did not establish as a matter of law the existence of such payment. It is not an open question in Texas that under such circumstances a jury question was present.

In view of the disposition we feel compelled to make of this appeal, we do not refer to or discuss questions which may be purely abstract questions of law on another trial.

Both motions overruled.