## WHITE HOUSE LUMBER CO. et al. v. DENNY et al.

### No. 4581.

Court of Civil Appeals of Texas. Amarillo.

April 20, 1936.

242

Hoover, Hoover & Cussen of Canadian, for appellants.

Will Crow, of Canadian, for appellees.

HALL, Chief Justice.

This case has made three trips to this court and two to the Supreme Court. (Tex.Civ.App.) 40 S.W.(2d) 250; (Tex. Com.App.) 54 S.W.(2d) 86; (Tex.Civ. App.) 75 S.W.(2d) 709. For the sake of brevity, we will refer to the former reports of the case for an understanding of the facts and the questions of law which have been decided.

In the last appeal to this court, 75 S.W. (2d) 709, the judgment of the trial court was reversed because testimony was offered to prove that McCorkle had paid the debt to appellees prior to the rendition of the judgment against him, and excluded upon objections. This issue, according to the opinion by Judge Martin, following the opinion of the Supreme Court, was the only material issue to be tried.

The appellants' brief reviews the controversy from the beginning, but we deem it unnecessary to consider the numerous assignments urged because, with few exceptions, the propositions presented have been directly, or by implication, settled on the former appeals.

As stated by Judge Martin, the appellants were not bound by the judgment which the Dennys obtained against McCorkle, and if the debt which was merged in that judgment had been fully satisfied and paid off prior to the rendition of the judgment, then the appellants would be entitled to recover against the Dennys.

The trial judge properly submitted as the sole issue the following: "Did S. R. McCorkle, on or about the first day or the first part of October, 1926, have a full and final settlement with the defendants, Charles Denny, Jr., and J. W. Denny, or either of them, finally and fully settling all claims, demands, and indebtedness under or growing out of the drilling contract introduced in evidence, dated July 3, 1926 and signed 'McCorkle Pipeline Company, by S. R. McCorkle (as first party), and Charles Denny, Jr. and J. W. Denny (as second party)'?" The jury answered this issue in the negative.

The written testimony bearing upon the issue is the purported receipt, signed, "Denny Brothers, by Charles Denny, Jr.," dated October 7, 1926, and is as follows:

"Reseaved of S. R. McCorkle $2380.00 on drilling contract of payments due to date."

Another receipt was introduced in evidence, signed by Charles Denny, Jr., and is as follows: "Received of S. R. McCorkle assignment of oil and gas lease to 200 acres described as follows: The NE¼ of the NE¼ of Section 470, and the N½ of the NW¼ of Section 410, and the S½ of the SE¼ of Section 409, Block 83, H & T C Ry. Surveys in Ochiltree and Lipscomb Counties, dated first day of September, 1926, and we accept this as payment of $4800.00 on our contract to drill Moore Well No. 1 on Section 471, Block 43, Ochiltree County, Texas, the above amount to be deducted from the balance at the finish of the well."

Neither of these receipts upon its face shows a final settlement. They are not ambiguous.

The witness Crow testified that about the last of May or first of June, 1927, in his office at Canadian, Tex., S. R. McCorkle had a conversation with him. We quote Crow's testimony as follows: "I will state to the court and jury that on or about the last part of May or first part of June, 1927, I had a conversation with S. R. McCorkle, the same witness whose testimony was read from this record yesterday, and that in that conversation S. R. McCorkle told me in these words: 'I only owe the Dennys under my contract with them for drilling that oil and gas well $2200.00', and he says 'that is all they will ever get.'"

According to Charles Denny's testimony, McCorkle had paid the Dennys a total sum of $3,630 in money for drilling the well to a depth of 1,580 feet. According to their contract, the Dennys were entitled to $5.50 per foot.

The amount of the indebtedness which Crow says McCorkle admitted did not include compensation for "shut-down time" up to October 7, 1926, the date of the first receipt, because the contract stipulated for $50 per day, which amount was due for thirty days.

The value of the leases, which we assume were signed about the 1st day of September, 1926, should not have been credited on the amount due until the well had been completed to a depth of 3,500 feet, as provided in the contract.

 Appellees' counsel undertook to impeach S. R. McCorkle. In his effort to do so he introduced in evidence certain articles of the criminal statutes of Colorado, and introduced certified copies of part of the proceedings in a case, in which it appears that McCorkle had been convicted of the offense of obtaining money under false pretenses and by means of a confidence game. The information, verdicts, the sentence of the court, and mittimus in each of these cases was introduced, but the judgment of conviction in neither case appears in the record.

In order to prove conviction, the judgment, or a certified copy thereof, is essential. Kennedy v. International-Great-Northern R. Co. (Tex.Com.App.) 1 S.W.(2d) 581; International-Great Northern R. Co. v. Kennedy (Tex.Civ.App.) 296 S.W. 330.

Appellants' counsel, in open court, had previously made this admission: "We are admitting that he (McCorkle) was convicted under the laws of the State of Colorado and was sentenced to the penitentiary."

After the documentary evidence had been introduced, appellants' counsel further said: "May it please the Court, in the interest of time I don't think it is necessary to take up the time of the court and jury in reading all that matter. What you want to show is that he was convicted of a certain crime. We will consider it all in the record."

It further appears that after no judgment had been introduced and no testimony offered that the witness S. R. McCorkle was the party who had been convicted and sent to the penitentiary in Colorado, the court permitted appellant's counsel to withdraw his admissions previously made in open court.

The result of all this is that McCorkle has not been impeached, and the introduction of the information, sentence, etc., was improper. The fact that McCorkle testified as a witness in less than five years after he had been convicted is ground for the inference that he had been pardoned, and his citizenship restored, if he was in fact the party convicted.

We deem it unnecessary to prolong this opinion by a discussion of other matters which have heretofore been decided, or which, in our opinion, are immaterial, considered in the light of the Supreme Court's opinions.

For the reasons stated, the judgment is reversed and the cause is remanded.