18 So.2d 542

**GANT v. GILMER.**

**6 Div. 231, 242.**

Supreme Court of Alabama.

June 15, 1944.

Rehearing Denied June 29, 1944.

Rosenthal & Rosenthal and Walter S. Smith, all of Birmingham, for appellant.

Barber & Barber, of Birmingham, for appellee.

BROWN, Justice.

This appeal is by W. E. Gant, as administrator cum testamento annexo, from the decree of the Circuit Court of Jefferson County, sitting in equity, in the cause of the administration of the estate of W. C. McCarty, deceased, pending in said court, denying the administrator's contest of a claim of the appellee Mary Frances (Hays) Gilmer, filed in the Probate Court, and establishing and holding valid said claim as a claim against the estate.

Allegedly the claim is the "Balance of Ten Thousand Dollars ($10,000.00) plus interest due under and by virtue of that certain judgment in the Circuit Court of Jefferson County, Alabama, in Case Number 31630, wherein Mary Frances Hays, a minor, who sues by her next friend and Father, J. H. Hays is plaintiff and W. C. McCarty is defendant, said judgment being rendered in said Court on November 6th, 1924, in the amount of Fifteen Thousand Dollars ($15,000.00) on which judgment the sum of Five Thousand Dollars ($5,-000.00) being paid on or about May 9th, 1925." The decree was entered on the 13th day of January, 1944, and the appeal was taken on the 12th day of February, 1944, by the administrator cum testamento annexo.

The appellee submitted on her motion to dismiss the appeal on sundry grounds, among others, misjoinder of parties; that the trial was on the contest filed by W. C. McCarty, Jr., as administrator of the estate of W. C. McCarty, deceased, who has not appealed, and that Gant as administrator cum testamento annexo, who was appointed was not a party to the contest; that the only parties to the contest appealed from were W. C. McCarty, Jr., in his capacity as executor of the will of W. C. McCarty, deceased, and Mary Frances (Hays) McCarty (Gilmer) as contestee; that Gant in his representative capacity was not a party to the contest; that the proceedings in the record are void on their face and will not support an appeal, and "For that the appeal by the alleged parties appellant is without warrant or authority of law," and others, too numerous to mention.

The record shows that W. C. McCarty, Jr., during his incumbency as the duly appointed executor of the will of W. C.

688

McCarty, deceased, "controverted and contested the claim" by contest filed on the 13th day of October, 1938, and thereafter resigned as such executor and appellant was appointed by the court in his stead, by consent of all the heirs. The record further shows that Blanch K. McCarty on May 25, 1943, filed a contest of the claim in the form of a motion to strike same, on grounds among others that said claim was "not due or to become due within the meaning of Title 61, Section 211 of the Code of 1940."

The record further shows that the appellant himself in his representative capacity filed a contest, controverting the claim as "plea in answer" thereto, asserting that the judgment was dormant, barred by the statute of limitations of ten years; laches on the part of the claimant, her next friend and guardian in the presentation of the claim, estopped in that the suit by the minor child by its next friend against its grandfather, W. C. McCarty, was a friendly suit to recover on an insurance policy covering him as insured, and that the judgment was entered with the understanding that the payment of the sum of the insurance would be in full satisfaction.

The proceeding to controvert the validity of a claim filed against an estate under administration is authorized to be instituted by the personal representative of the decedent, and determined by the court having jurisdiction of the administration of the estate, and from any decree rendered on such contest, "Either party may appeal within thirty days from the rendition of judgment on any such claim." Code 1940, Title 61, § 216 (see, also, amendment of the statute by Acts of 1939, page 806; 1943, page 308) ; Code Supplement, Pocket Part, pages 127, 128, § 216, Title 61; Tillery v. Commercial National Bank, 241 Ala. 653, 4 So.2d 125.

■ When W. C. McCarty as executor resigned, and Gant was appointed, he had the right to take up the contest and prosecute it to final determination.

The motion to dismiss the appeal is without merit and is overruled.

■ It appearing on the face of the claim filed by Hays as guardian of appellee, on September 22, 1938, in the Probate Court, that its basis is a dormant judgment alleged to have been rendered in the Circuit Court of Jefferson County, November 6, 1924, some thirteen years

prior to decedent's death, which as a matter of law is presumed to be satisfied [(Code 1940, Title 7, § 582) ; Fleming v. Fowlkes & Myatt Co., 204 Ala. 284, 85 So. 690], to meet and overcome the presumption created by the statute, the burden is cast upon the claimant to show the existence of the judgment and that it had been revived either by scire facias or by common-law action of debt. Hays v. McCarty, 239 Ala. 400, 195 So. 241; 31 Am.Juris. 58, § 385; Kingsland & Co. v. Forrest, 18 Ala. 519, 52 Am.Dec. 232; Field v. Sims, 96 Ala. 540, 11 So. 763.

■ The determination of a contest of claim authorized by § 216, Code of 1940, Title 61, does not lead to the rendition of a money judgment, and the procedure prescribed by that section was not intended as a substitute for the statutory method of a revivor of judgments by scire facias or the common-law civil action, which leads to the rendition of such money judgment. Tillery v. Commercial National Bank of Anniston, 241 Ala. 653, 4 So.2d 125.

■ "A judgment once rendered dormant may be revived only in the manner prescribed by law." 31 Am.Juris. page 59, § 385.

■ The only evidence offered to show the existence of the judgment was, to quote from the appellee's note of testimony: "a certified copy of the record of the judgment the basis of said claim marked 'Claimant's Exhibit 1.' " Said Exhibit 1 is nothing more or less than a certificate of the clerk of the Circuit Court of Jefferson County made on the 12th of September, 1925, authorized to be issued and registered in the office of the Judge of Probate by § 7874 of the Code of 1923, present Code § 584, Title 7, for the purpose of creating a lien on the judgment defendant's property, such lien to run for ten years only. The statute does not make such certificate evidence of the existence of the judgment, and it proves nothing more than it was issued, registered, and that by lapse of time it has become functus officio.

The appellee not having established the existence of the judgment and its revival, her claim must fail. The decree of the Circuit Court is therefore reversed, and one will be here rendered denying the claim. The costs of the proceedings in respect to said claim in the Circuit Court

and the costs of appeal are taxed against the appellee, Mary Frances (Hays) Gilmer.

The rule nisi issued on the application for a writ of prohibition was granted to maintain the status quo pending the appeal from the decree establishing the claim of Mary Frances (Hays) Gilmer, and the appeal now being disposed of, the rule nisi has served its purpose and is discharged and vacated. Let the appellee pay the costs incident to that proceeding.

Reversed and rendered.

Prohibition rule nisi discharged and vacated.

All the Justices concur.