22 So.2d 176

**GILMER v. GANT.**

6 Div. 291.

Supreme Court of Alabama.

May 10, 1945.

Barber & Barber, of Birmingham, for appellant.

Rosenthal & Rosenthal, Ida D. Rosenthal, Locke & Morton, Ormand Somerville, and Lange, Simpson, Brantley & Robinson, all of Birmingham, for appellee.

SIMPSON, Justice.

This appeal is from a proceeding in the circuit court, undertaken pursuant to § 574, Title 7, Code of 1940, seeking to revive by scire facias a dormant judgment against appellee's intestate.

Appellee plead in bar to appellant's motion to revive, that the subject matter of the present proceeding had already been litigated between the same parties in a prior proceeding in the circuit court in equity and the cause finally adjudicated against the appellant. The trial court sustained, and we think correctly so, the plea of appellee and dismissed the motion to revive.

The question of the validity and existence of the same judgment was litigated in the former case where the judgment claim was contested by the appellee administrator under the provisions of the statute in such cases provided. On appeal of that case to this court it was here held that the appellant (appellee then) had failed to establish the existence of the judgment upon which her claim was based and a judgment was here rendered in favor of the present appellee on this issue and denying the collection of the claim. See Gant v. Gilmer, 245 Ala. 686, 688, 18 So. 2d 542, 544.

The judgment of this court rendered in this former case is clearly res judicata of the present proceeding. The mere fact that the former suit was transacted under a different statute (Code 1940, Title 61, § 216,

as amended by Gen.Acts 1943, p. 308) is of no moment as adversary to this conclusion. The same judgment, the subject matter of the instant proceeding, was the basis of the former litigation and the plaintiff in judgment there, appellant here, failed by proper evidence to prove her judgment and of consequence she failed to establish her claim, necessitating the rendition of the judgment aforesaid against her. She could not later litigate the same issue by the circuitous route of revival by scire facias.

On this proposition of res judicata the principle is thus stated: An order or ruling made in a special proceeding, if it is in the nature of an adjudication of some contested claim or right, has the same effect as a bar as a formal judgment, and this rule applies to proceedings by scire facias to revive a judgment. 34 C.J. § 1175, p. 762; Raub v. Otterback, 92 Va. 517, 23 S.E. 883.

Also, we have said that "a judgment or decree of a court of competent jurisdiction is res adjudicata and a bar to the maintenance of a subsequent suit, when it is pleaded and ascertained that the subject matter of said suit is the same embraced, or presented under issues in the former suit that are broad enough to have comprehended all that is involved in the issues of the second suit—not what was actually litigated, but what might and ought to have been litigated in the former suit, being the test." Fife v. Pioneer Lumber Co., 237 Ala. 92, 185 So. 759, 761, and cases cited.

There is no difference in the principle here controlling from a status where, upon suing on a judgment, the plaintiff should be cast in the suit because of failure to prove his case. He could not thereafter successfully undertake a later suit upon the same judgment.

The underlying principle is discussed in the case of McDougald's Adm'r v. Rutherford, 30 Ala. 253, where it was held that a final decree of the probate court in favor of an administrator rejecting the claim of a creditor to which objections were filed is final and conclusive on the creditor, if he appeared and was a party to the issue made up, and the creditor may not later litigate the same issue by suit in the circuit court.

So here, the same claim was contested in a court of competent jurisdiction and adjudicated adversely to the present appellant and she cannot again rest a successful prosecution upon it.

The judgment of the trial court is affirmed.

Affirmed.

All the Justices concur.