24 So.2d 414

### GILMER v. GANT.

6 Div. 396.

Supreme Court of Alabama.

Jan. 17, 1946.

348

Rosenthal & Rosenthal, Ida Rosenthal, Wade Morton, and Ormond Somerville, all of Birmingham, for appellee.

See, also, 246 Ala. 671, 22 So.2d 176.

Barber & Barber, of Birmingham, for appellant.

BROWN, Justice.

This is an action of debt upon a dormant judgment recovered in the Circuit Court of Jefferson County on November 6, 1924, by Mary Frances Hays, a minor, who sued by her next friend and father, J. H. Hays, against W. C. McCarty.

It appears from the averment of the single count in the complaint that the plaintiff is the wife of Max V. Gilmer, and is the identical person named and designated as the minor plaintiff, May Frances Hays.

To this single count in the complaint the defendant filed Plea A, a plea of res judicata, the subject matter of which was a

scire facias proceeding instituted in the Circuit Court of Jefferson County by "Mrs. Max V. Gilmer against W. E. Gant, as administrator of the estate of W. C. McCarty, deceased". Said proceeding being styled "No. 9373-X, Mrs. Max V. Gilmer vs. W. E. Gant, etc.". The plea avers that the plaintiff Mrs. Max V. Gilmer, and the defendant W. E. Gant, as administrator, the parties in said cause No. 9373-X, are the identical parties as the plaintiff Mrs. Max V. Gilmer, and the defendant W. E. Gant, as administrator of the estate of W. C. McCarty, deceased, in this cause. That said judgment sought to be revived in said case No. 9373-X is the same judgment which is sued on, and is the sole basis of the present case. That from a final judgment of this court (the circuit court) in said cause No. 9373-X the plaintiff Mrs. Max V. Gilmer appealed to the Supreme Court of Alabama, the trial court having ruled adversely to said plaintiff, and on the 10th day of May, 1945, the said Supreme Court of Alabama rendered a decision affirming the judgment of the trial court, "and a true and correct copy of said opinion is hereto attached as exhibit I, and is hereby adopted as though fully set out herein".

■ The plaintiff demurred to said plea of res judicata on sundry grounds. The demurrer was overruled, and because of this adverse ruling the plaintiff took a nonsuit, and has appealed. The argument here is "that neither the judgment sued on, nor any of the pleadings in the case are set forth. It is merely averred by way of conclusion that said judgment sought to be revived in said cause No. 9373-X is the same judgment which is sued on in, and the sole basis of, the present cause". It is insisted that this is a mere conclusion of the pleader. To this we cannot agree. It is a succinct statement of facts showing that the subject matter of the present suit was the subject matter of the former suit.

■ It is also insisted that the averment in the plea "The existence vel non of said judgment, which is the basis of the present suit, was the issue tried and determined in case No. 9373-X", and it is argued that the pleader overlooked the fact that the existence of the judgment against the defendant W. C. McCarty had remained unchallenged by attack or appeal for nearly twenty years prior to the commencement of the suit upon it, and has never been so assailed in any court. The facts averred in the complaint show that said judgment was dormant "literally sleeping hence inactive; in abeyance; unknown; concealed." Black's Law Dictionary (published 1891) page 390, and under the terms of the statute "must be presumed to be satisfied and the burden of proof that it is not satisfied is upon the plaintiff". Code of Alabama, 1940, Title 7, sec. 582; Hays v. McCarty, 239 Ala. 400, 195 So. 241. That is the identical issue that is presented in this action. Payment or satisfaction, if made, destroyed the integrity of the judgment, and unless the statutory presumption is overcome by proof that such payment or satisfaction has not been made, the judgment is functus officio. That issue having been duly litigated in the scire facias proceeding between the same parties in respect to the same judgment is conclusive in this case. And the demurrer was overruled without error.

■ Much of the argument and many of the grounds of demurrer are devoted to the subject matter and sufficiency of the plea of res judicata interposed by the appellee in the scire facias proceeding. Those matters were foreclosed by the judgment of the court in that proceeding and cannot be relitigated in this case. As to the claim here pleaded the judgment of the circuit court in the scire facias proceeding is res judicata, not only as to the points adjudicated there, but all that could have been litigated in that case. Drinkard v. Oden, 150 Ala. 475, 43 So. 578: Gilmer v. Gant, 246 Ala. 671, 22 So.2d 176.

Nothing said in Drennan v. Dunn, 166 Ala. 213, 52 So. 313, is contrary to what we have decided in this cause. All the court held in said case was that the pendency of the scire facias proceeding would not abate a common law action on the judgment. Like effect is Quill v. Carolina Portland Cement Company, 220 Ala. 134, 124 So. 305.

We find no error in the record and the judgment is due to be affirmed, and it is so ordered by the Court.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.