25 So.2d 262

## GILMER v. GANT.

6 Div. 388.

Supreme Court of Alabama.

March 7, 1946.

448

Barber & Barber, of Birmingham, for appellant.

Rosenthal & Rosenthal, Albert A. Rosenthal, and Locke & Morton, all of Birmingham, for appellee.

LIVINGSTON, Justice.

The appeal is from a decree of the circuit court, in equity, of Jefferson County, Alabama, sustaining demurrers to a proceeding, styled by appellant as a "recommencement of the trial of the disputation of the claim of Mary Frances (Hays) Gilmer," against the estate of W. C. McCarty, deceased.

The basis of appellant's claim against the estate of W. C. McCarty, deceased, is the alleged balance due on a $15,000 judgment recovered against W. C. McCarty during his lifetime, and on which $5,000 was paid some years ago. This Court has considered the same claim on three former occasions. See, Gant v. Gilmer, 245 Ala. 686, 18 So.2d 542; Gilmer v. Gant, 246 Ala. 671, 22 So.2d 176; Gilmer v. Gant, ante, p. 347, 24 So.2d 414.

In the instant case appellant seeks to invoke the aid of section 35, Title 7, Code of 1940, for the purpose of retrying the question of the existence and validty of the balance due on the judgment.

Section 35, supra, in no way establishes a right of reopening an issue which is res adjudicata. The purpose of section 35, supra, is solely to prevent the running of the statute of limitations under certain circumstances. Napier v. Foster. 80 Ala. 379.

But appellant earnestly insists that the principles of res adjudicata have no application here because the claim was erroneously filed by the guardian for the benefit of the ward, rather than in the name of the ward herself. The point is immaterial as we shall demonstrate.

It is clear enough that appellant had her day in court without the disability of infancy. Since she proceeded to establish the claim in her own name after she reached the age of twenty-one years, and allowed judgment to be rendered for herself in her own name in the lower court, and which judgment was reversed and rendered against her on appeal to this Court (Gant v. Gilmer, 245 Ala. 686, 18 So.2d 542), she cannot be heard to say that the claim was originally filed erroneously by her guardian. Besides, it was proper for the ward to proceed in her own name when she attained her majority. Section 105, Title 7, Code of 1940; 28 Corpus Juris section 448, page 1261; 1 C.J.S., Abatement and Revival, § 110.

The issue as to the existence and validity of appellant's claim having been duly litigated between the same parties is conclusive in this case.

It is further insisted that this Court committed grievous error against appellant in its opinion reported in 245 Ala. 686, 18 So.2d 542, in that the decision against appellant should have been reversed and remanded and not reversed and rendered. That this Court should now replace the cause on the rehearing docket for further consideration. This we cannot do, because the term at which it was decided has ended. Roebling Sons Co. v. Stevens Electric Co., 93 Ala. 39, 9 So. 369.

The demurrers in the instant case were properly sustained, and the cause is due to be and is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.

BROWN, Justice (concurring specially).

The appeal in Gant v. Gilmer, reported in 245 Ala. commencing at page 686, 18 So. 2d 542 was by Gant as administrator cum testamento of the estate of W. C. McCarty, deceased, et al., from a decree rendered by the circuit court, in equity, allowing a claim filed by J. H. Hays, as guardian, in the probate court before the administration was removed to the circuit court, in equity, for and in behalf of Mary Frances Hays, a minor, rendered on the 13th day of January, 1944. Said decree. reciting: "This cause coming on to be heard on a contest of claim filed against the estate by Mary Frances Hays, a minor, which was filed by her guardian , J. H. Hays. Since the filing of the claim, and on the 3rd day of January, 1943, the said claimant attained her majority and has since married to one Max Gilmer." On the hearing of said contest on November 18, 1938, Mary Frances Hays by her solicitors filed demurrers to the contest, and on the same day filed a motion to strike said contest. With the submission of the appeal Mary Frances Hays Gilmer, as the appellee, filed a motion to dismiss the appeal on the grounds, among others, that Gant, as administrator cum testamento, was without authority to prosecute the contest filed by W. C. McCarty, Jr., as administrator of the estate, and that said Gant, as administrator cum testamento, was not a party to the contest. The motion to dismiss the appeal was overruled by the court and the decree allowing the claim was reversed because of the failure of the appellee, claimant, to prove the existence of the judgment which constituted the basis of her claim; and this court, as it had a right to do, rendered a judgment here denying the claim. Code of 1940, Title 7, § 810.

Appellee applied for a rehearing and said rehearing was overruled. After the adjournment of this court for that term the power and jurisdiction of the court over that judgment came to an end and it became final. Roebling Sons Co. v. Stevens Elec. Co., 93 Ala. 39, 9 So. 369.

Said judgment, which was pleaded in the instant case as res judicata, was conclusive between the parties not only as to the issues litigated, but all that could have been litigated as to that claim. Gilmer v. Gant, Ala.

450

Sup., 24 So.2d 414;[1] Gilmer v. Gant, 246 Ala. 671, 22 So.2d 176; Drinkard v. Oden, 150 Ala. 475, 43 So. 578.

I, therefore, concur in the affirmance of the judgment in this case.